**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **JOHN H. and MARY E. BANKS, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **No. 99-4451 L**<br>**Judge Emily C. Hewitt** |
| **STONE, ERROL L. & SUSAN H., In their own right and as Trustees of the Susan H. Stone Trust and the Errol L. Stone Trust,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **No. 04-277 L**<br>**Judge Emily C. Hewitt** |
| **EUGENE J. FRETT, Individually and as trustee of the Victor J. Horvath and Frances B. Horvath Trust, and**<br><br>**DONNA P. FRETT,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **No. 05-1353L**<br>**Judge Emily C. Hewitt** |

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Defendant, the United States, respectfully requests that the Court enter the attached protective order to maintain the confidentiality of certain proprietary models used by defendant's expert, Dr. Robert Nairn, and owned or leased by Dr. Nairn's company, Baird & Associates ("Baird"). App. 1-9.[1/] Defendant is in the process of producing to plaintiffs the models that were used by Dr. Nairn to support the conclusions expressed in his expert report. We do not object to the production of the models. Rather, we seek only to prevent disclosure of three of the models, which constitute valuable trade secrets, to any individuals not associated with the above-captioned cases.

**FACTS**

On January 19, 2007, this Court held a telephonic hearing during which the issue of expert discovery was discussed. By letter dated January 22, 2007, defendant offered to produce to plaintiffs all of the six models relied upon by Dr. Nairn. App. 10. Defendant further advised plaintiffs that three of the models were proprietary to Dr. Nairn's company, and suggested that the parties propose to the Court an agreed upon protective order governing the use of the three proprietary models. Id. Plaintiffs disagreed with defendant's assertion of the proprietary nature of the three models, but still insisted upon production of all of Dr. Nairn's models. App. 14-16.

By letter dated January 30, 2007, defendant forwarded to plaintiffs a draft proposed protective order, which would allow, among others, the Court, the parties, their counsel, employees, consultants, contractors and experts, full access to the proprietary models. App. 17. Indeed, the proposed protective order did not limit the use of the models in any way, other than to limit disclosure of the models to individuals involved in these consolidated cases. By letter

[1/] "App. __" is a reference to the attached Appendix.

dated January 31, 2007, plaintiffs indicated their refusal to enter into defendant's proposed stipulation. App. 28 ("So, please give us the models required, without our signing a protective order."). Additional correspondence between the parties followed, but no agreement was reached. App. 29-31. Following these efforts to resolve the matter without the Court's assistance, in compliance with Rule 26(c), Defendant determined that this motion was necessary.

The three models at issue are described in an affidavit submitted by Dr. Nairn. App. 32. As Dr. Nairn explains, the COSMOS Model is used to predict longshore and cross-shore sediment sand transport. App. 33. Baird has owned the COSMOS Model since 1993. Id. The model is not available in the public domain, and Baird charges its clients $150 per day of run time for use of the COSMOS Model. Id. Baird's exclusive ownership of the model gives the company an advantage over its competitors, which is why Baird has never released the model to any outside party without a software license that strictly controls the terms of its use, and expressly prohibits disclosure to third parties. Id.

The HYDROSED Model is leased by Baird. App. 34. Similar to the COSMOS Model, Baird charges its clients $250 per day of run time for its use. Id. This model has unique features not available in the few other models of its kind, and it repeatedly provides Baird with a competitive advantage when bidding on projects. Id. The HYDROSED Model has never been released to any party outside of Baird. Id.

The Baird Wave Hindcast Model allows Baird to develop wave climates for the coastal engineering community. App. 35. Baird charges its clients a fixed fee for the development of site specific wave climates, and maintains a distinct competitive advantage based on its wave hindcasting capabilities. Id. In the few cases where Baird has released the model to third

parties, it has only done so to clients, with the protection of a license agreement, strictly maintaining the confidentiality of all proprietary information. Id.

**ARGUMENT**

The Rules of the Court of Federal Claims provide, in relevant part:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following . . . (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way.

RCFC 26(c). A party seeking a protective order pursuant to RCFC 26(c)(7) must establish that the information sought is confidential and that disclosure of the information might be harmful. American Standard Inc. v. Pfizer Inc., 828 F.2d 734, 740 (Fed. Cir. 1987). The court must then "balance the need of one litigant to access proprietary information in order to present his case, and the potential that irreparable harm may be suffered by the disclosing party." Rice v. United States, 39 Fed. Cl. 747, 750 (1997) (citing American Standard Inc., 828 F.2d at 741). "Where . . . the proprietary information is technological, a higher degree of protection may be afforded to that information." Id. (citing Safe Flight Instrument v. Sundstrand Data Control, 682 F.Supp. 20, 22 (D. Del. 1988)).

The three models for which we seek protection are clearly confidential material. As explained by Dr. Nairn, none of the three models is available in the public domain. The HYDROSED model has never been released to any company outside of Baird. The COSMOS

and Baird Wave Hindcast models have been released only a small number of times, and in each case under strict licensing controls specifically designed to maintain the confidentiality of the products. Even within Baird, each and every employee executes a confidentiality agreement that covers these and other proprietary models. App. 33, 34 and 35.

Dr. Nairn's affidavit demonstrates the monetary harm that will be suffered if Baird's models are disclosed outside the confines of these cases. All three of the models are unique tools that provide Baird with a competitive advantage over other companies. All three are a direct source of income to Baird, which could potentially be lost if other companies are able to use the models to perform the tasks that Baird now performs for its clients.

It is also clear that the three models fall within the type of material that Rule 26 is designed to protect. Rule 26(c)(7) specifically refers to trade secrets or other confidential research, development, or commercial information. Given the technological nature of the models, the steps that Baird has taken to preserve their confidentiality, and the competitive advantage that is gained by keeping them confidential, the models at issue are all of the above. Moreover, Chief Judge Damich has emphasized the Court's broad discretion to grant protective orders that prevent disclosure of many types of information, regardless of whether it is the type specifically listed in Rule 26(c)(7). Armour of America v. United States, 73 Fed. Cl. 597, 602-03 (2006) (citing Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1212 (9th Cir. 2002)).

It bears emphasizing that defendant is not seeking to avoid producing information to the plaintiffs. Indeed, defendant is eager to produce the models plaintiffs seek as soon as possible. Nor does defendant seek to limit, through the use of a protective order, plaintiff's use at trial of any of the information sought. Defendant merely seeks to prevent disclosure of proprietary

material by the plaintiffs, to entities that are not in any way associated with the instant case, through the use of a standard protective order.

## CONCLUSION

For the reasons stated above, we respectfully request that the Court enter the attached proposed protective order in this matter.

Dated: February 8, 2007

Respectfully submitted,

s/ Terry M. Petrie
TERRY M. PETRIE
Environment and Natural Resources Division
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294
Tele: 303-844-1369
Fax: 303-844-1350
Terry.Petrie@usdoj.gov

HEIDE L. HERRMANN
Environment and Natural Resources Division
Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
202-305-3315 (phone)
202-305-0274 (fax)
Heide.Herrmann@usdoj.gov