**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **JOHN H. and MARY E. BANKS, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | ) | **No. 99-4451 L**<br>**Judge Emily C. Hewitt** |
| **STONE, ERROL L. & SUSAN H., In their own right and as Trustees of the Susan H. Stone Trust and the Errol L. Stone Trust,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | ) | **No. 04-277 L**<br>**Judge Emily C. Hewitt** |
| **EUGENE J. FRETT, Individually and as trustee of the Victor J. Horvath and Frances B. Horvath Trust, and**<br><br>**DONNA P. FRETT,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | ) | **No. 05-1353L**<br>**Judge Emily C. Hewitt** |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

In our motion for protective order, the United States established that the three computer-generated models we intend to produce to plaintiffs are confidential, and that disclosure of the models to parties outside the pending litigation would be financially harmful to the United States' testifying expert, Dr. Nairn, and his company, Baird & Associates ("Baird"). Plaintiffs' response does not contradict these facts. While it is not clear from plaintiffs' brief, it would seem that plaintiffs still seek access to the three models at issue. Defendant remains willing to produce them. The only obstacle is the execution of a protective order, which would protect defendant's expert from financial harm, and allow plaintiffs the access they seek.

Defendant's motion, and the accompanying declaration by Dr. Nairn, makes clear that each of the models at issue is owned or leased by Baird, and that Baird takes significant measures to maintain the confidentiality of the models. Baird imposes strict licensing controls upon users of the models, and requires its own employees to execute confidentiality agreements that cover the proprietary models. In the case of the HYDROSED model, Baird has never released the model to any outside party.

Defendant has further established that Baird enjoys a distinct competitive advantage based upon its modeling capabilities. Disclosure of this proprietary technology to competitors would cause great financial harm to Baird. Plaintiffs do not contest this fact.

Instead, plaintiffs base their argument upon an apparent misunderstanding of the difference between the formulas included in Dr. Nairn's expert report, and the models upon which Dr. Nairn has relied in support of his expert report. For the convenience of the Court, and the plaintiffs, the United States addresses this misunderstanding.

In paragraph one of their response, plaintiffs allege that “[t]here were no provisions for the Report to be held secret or confidential even though it was represented to contain the model(s) which formed the basis of Dr. Nairn’s opinions.” To be clear, defendant has never represented that Dr. Nairn’s report contained the COSMOS, HYDROSED or Baird Wave Hindcast models. Indeed, a model is a program that contains hundreds of equations, and performs calculations or makes predictions based upon various scenarios and variables. Dr. Nairn did not include his models in his expert report because it would have been impractical to include a computer program in a written document.

A formula, on the other hand, is one individual equation, or one very small component of a model. For example, when plaintiffs refer to the formulas used to calculate the long shore sand transport rate (“LST”), they are referring to individual equations that are just one piece of the puzzle that can be solved by Baird’s COSMOS model. The LST formulas were contained in Dr. Nairn’s report, on pages 32 through 37 of Appendix A. Dr. Nairn did not ask that these formulas be kept confidential because the formulas themselves are published material, which could be accessed and used by anyone with the requisite knowledge to do so. The fact that these formulas, which make up only one small part of the COSMOS model, are not proprietary, has no bearing upon the proprietary nature of the overall model, which consists of much more than the few formulas to which plaintiffs refer.

In addition to unsupported allegations that the defendant somehow misrepresented the contents of Dr. Nairn’s expert report, plaintiffs allege bad faith on the part of the United States. Opp. ¶10. Plaintiffs have included in their response a partial chronology of letters exchanged by counsel. As plaintiffs have pointed out, in his October 2 and October 7, 2006, letters, counsel for

plaintiffs asserted his belief that the LST formulas were not included in Dr. Nairn's report. Opp. ¶¶ 4 and 5.[1/] These assertions are puzzling, given that counsel for defendant has repeatedly provided the location of the formulas in the report, and offered to assist counsel in understanding the complex calculation performed by Dr. Nairn. See Opp. Exhibit 2 and the attached letter dated October 5, 2006. Notably absent from plaintiffs' chronology is the letter from defendant's counsel, dated October 5, 2006, wherein counsel reiterates his offer of assistance.[2/] It is unclear why plaintiffs believe that our repeated offers of assistance were "disingenuous ie BAD FAITH."

Finally, plaintiffs complain of "the use of public money for secret model equations." Opp. ¶8. This allegation, like plaintiffs' allegations of bad faith, is unsupported. The very purpose of defendant's motion for protective order is to put in place measures that will protect Dr. Nairn and his company, so that the United States can produce to plaintiffs the models they seek.

## CONCLUSION

For the reasons stated above, and in our original motion, we respectfully request that the Court enter the proposed protective order in this matter.

---

[1/] "Opp. ¶__" is a reference to Plaintiffs' Response to Defendant's Motion for Protective Order.

[2/] A copy of the October 5, 2006 letter from Terry Petrie to John Ehret is attached.

Dated: March 6, 2007

Respectfully submitted,

s/ Terry M. Petrie
TERRY M. PETRIE
Environment and Natural Resources Division
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294
Tele: 303-844-1369
Fax: 303-844-1350
Terry.Petrie@usdoj.gov

HEIDE L. HERRMANN
Environment and Natural Resources Division
Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
202-305-3315 (phone)
202-305-0274 (fax)
Heide.Herrmann@usdoj.gov