# In the United States Court of Federal Claims

No. 99-4451 L
c/w 99-4453L, 99-4454L, 99-4455L, 99-4456L, 99-4457L, 99-4458L, 99-4459L, 99-44510L, 99-44511L, 99-44512L, 00-365L, 00-379L, 00-380L, 00-381L, 00-382L, 00-383L, 00-384L, 00-385L, 00-386L, 00-387L, 00-388L, 00-389L, 00-390L, 00-391L, 00-392L, 00-393L, 00-394L, 00-395L, 00-396L, 00-398L, 00-399L, 00-400L, 00-401L, 04-277L, 05-1353L, 05-1381L, 06-72L
(E-Filed: March 16, 2007)

JOHN H. BANKS, ET AL.,

Plaintiffs, — 99-4451 L

v.

THE UNITED STATES,

Defendant.

STONE, ERROL L. and SUSAN H.
As Trustees of the Susan H. Stone Trust,

Plaintiffs, — 04-277 L

v.

THE UNITED STATES,

Defendant.

EUGENE J. FRETT, Individually and
as Trustee of the Victor J. Horvath
and Frances B. Horvath Trust,

Plaintiff, — 05-1353 L

)
v. )
)
THE UNITED STATES, )
)
Defendant. )
)
________________________________ )

UNPUBLISHED ORDER

Before the court is Defendant's Motion for Protective Order (Mot. or motion), Plaintiffs' Response to Defendant's Motion for Protective order (Resp. or response), and Defendant's Reply in Support of Motion for Protective Order (Reply).

The motion seeks to protect three models used by defendant's expert, Dr. Robert Nairn, to support the conclusions expressed in his expert report. Mot. 2. The three models are described in a declaration by Dr. Nairn contained in an Appendix (App.) to the motion. App. 33-36. In particular, Dr. Nairn's declaration states that none of the three models is available in the public domain and that each of the three models has economic value to Dr. Nairn's business, Baird & Associates. App. 34-36. Based on Dr. Nairn's declaration, the court concludes that the three models are within the matters described in Rule 26(c)(7) of the Rules of the Court of Federal Claims (RCFC): "a trade secret or other confidential research, development, or commercial information." RCFC 26(c)(7). As to such information, the court may order that it "not be revealed or be revealed only in a designated way." Id.

Defendant has also proffered documentary evidence, App. 10; 14-17; 28-31, and argument, Mot. 2-3, which make it appear that "the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." RCFC 26(c). Defendant's motion does not in terms contain "a certification" to the foregoing, as contemplated by RCFC 26(c). The court exercises its discretion to construe defendant's argument and documentary evidence to be in substantial compliance with the certification contemplated by RCFC 26(c).

Plaintiffs' response states that "the use of public money for secret model equations to determine [long shore transport] rates associated with 5th Amendment private property rights does not fit with the per se obligation for just compensation." Resp. 4. The response also asserts that communications between the partner concerning the disclosure of matters relied on by Dr. Nairn are evidence of bad faith on the part of the government.

Id. at 3.

The response does not recognize the possibility that the models might be entitled to protection under RCFC 26(c). The court, however, concludes, based on Dr. Nairn's declaration, App. 33-36, that the models are entitled to such protection and GRANTS defendant's motion to the extent consistent with the form of Protective Order filed just after this order.[1]

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge

[1]Although defendant states that "we seek only to prevent disclosure of [the three] models," Defendant's Motion for Protective Order (motion) 2, defendant has proposed a form of protective order, Appendix to motion 1-7, which purports to cover a wide range of "protected information," id. at 3. The court's Protective Order is limited to the models.