# In the United States Court of Federal Claims

No. 99-4451 L
c/w 99-4453L, 99-4454L, 99-4455L, 99-4456L, 99-4457L, 99-4458L, 99-4459L, 99-44510L, 99-44511L, 99-44512L, 00-365L, 00-379L, 00-380L, 00-381L, 00-382L, 00-383L, 00-384L, 00-385L, 00-386L, 00-387L, 00-388L, 00-389L, 00-390L, 00-391L, 00-392L, 00-393L, 00-394L, 00-395L, 00-396L, 00-398L, 00-399L, 00-400L, 00-401L, 04-277L, 05-1353L, 05-1381L, 06-72L
(E-Filed: March 16, 2007)

| | |
|---|---|
| JOHN H. BANKS, ET AL., | |
| Plaintiffs, | 99-4451 L |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |
| STONE, ERROL L. and SUSAN H. As Trustees of the Susan H. Stone Trust, | |
| Plaintiffs, | 04-277 L |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |
| EUGENE J. FRETT, Individually and as Trustee of the Victor J. Horvath and Frances B. Horvath Trust, | |
| Plaintiff, | 05-1353 L |

v. )
)
THE UNITED STATES, )
)
Defendant. )
)
_________________________________ )

**PROTECTIVE ORDER**

1. Scope. This Protective Order ("Protective Order" or "Order") governs the use and dissemination of certain information that is designated as "Protected Information" and that is produced within this action.

2. Document Defined. The term "document" or "documents," as used in this Protective Order, shall have the same meaning as contemplated by the Rules of the United States Court of Federal Claims, and shall include all written, recorded, or graphic material whatsoever, such as responses to requests for production of documents or things, documents or things produced herein, interrogatory answers, requests for admission and responses thereto, briefs, memoranda, affidavits, exhibits, and deposition transcripts.

3. Protected Information Defined. "Protected Information" refers to the COSMOS model, the HYDROSED Model, and the Baird Wave Hindcast Model (collectively, "the models"), as more particularly defined in the Declaration by Dr. Robert Nairn contained in attachment #1 (App.) to Defendant's Motion for Protective Order filed February 8, 2007, App. 33-36, and any document or thing that contains or otherwise discloses all or any portion of the models, or any of them.

4. Legend To Be Used. Any party involved in this litigation, or counsel for such party, shall designate as Protected Information any document or thing that it produces in this case which contains or otherwise discloses Protected Information by stamping the legend "PROTECTED INFORMATION - DO NOT DISCLOSE - BANKS V. UNITED STATES, NO. 99-4451 L (CONSOLIDATED)" on the face of the Document or thing.

5. Deposition Testimony. A party may designate specific lines and pages of deposition testimony as Protected Information by advising the court reporter to

include the following designation on each line and page of the transcript where confidential information has been disclosed: "PROTECTED INFORMATION - DO NOT DISCLOSE - BANKS V. UNITED STATES, NO. 99-4451 L (CONSOLIDATED)."

6. Use of Protected Information. Information designated as Protected Information by a party may be used by any party for any purpose related to this case; but shall not be used for any other purpose except as permitted under this Order. Any notes, dictation tapes, or other records or documents made in using or reviewing the Protected Information and containing information regarding the Protected Information shall be stamped "PROTECTED INFORMATION - DO NOT DISCLOSE - BANKS V. UNITED STATES, NO. 99-4451 L (CONSOLIDATED)," and are subject to the same provisions as Protected Information.

7. Who May Have Access. Protected Information that is covered by this Order may be disclosed to the following individuals:

(a) The court and its personnel including any appeal herein;

(b) Counsel of record and employees of such counsel who have functional responsibilities relating to the preparation and trial of this action;

(c) Employees of a party who are assisting counsel in the preparation and trial of this action;

(d) Contractors, consultants, investigators, and experts retained by the parties or counsel to assist (whether designated as trial witnesses or not) in the preparation and trial of this action;

(e) Deponents in connection with preparation for or during the course of a deposition;

(f) Court reporters engaged for depositions, and employees or contractors of such court reporters reasonably necessary for the transcription of depositions;

(h) any other person or entity to whom counsel for defendant shall agree in writing, or whom the court directs to have access to such information.

8. Conditions of Access.

(a) Counsel of record for the parties shall be deemed to have executed the Affidavit and shall be accorded access to Protected Information without further action. Other individuals who may have access to Protected Information shall sign an Affidavit in the form of Exhibit A to this Order. Information designated as Protected Information and provided by a party to another individual covered by this Order shall be used by that other individual solely for purposes related to this case and not for any other purpose. Before any Protected Information may be provided to an individual covered by this Order, counsel of record shall obtain from the individual or, in the case of court reporters, from an authorized representative of the recipient(s), a signed Affidavit in the form of Exhibit A to this Order. Counsel of record shall keep and maintain in a secure place as officers of the court the originals of all such executed forms. At request of the court, copies of any signed Affidavit shall be made available to the court as may be required for the enforcement of this Order.

(b) It shall be the responsibility of the attorneys of record in this action to employ, consistent with this Order, reasonable measures to control duplication of, access to, and distribution of the Protected Information.

9. Filings with the Court. All filings containing Protected Information shall, if filed on the Electronic Case Filing (ECF) system, be filed as sealed documents and, if filed in paper form, shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title to the action, an indication of the nature of the contents of such sealed envelope or other container, the phrase "PROTECTED INFORMATION - DO NOT DISCLOSE - BANKS V. UNITED STATES, NO. 99-4451 L (CONSOLIDATED)," and a statement substantially in the following form:

> This envelope or container is sealed and contains confidential information filed in this case by [name of party] and is not to be opened or the contents thereof displayed or revealed except by order of the court or pursuant to written stipulation of the parties to this action. This envelope or continer shall not be opened without order of the court, except by officers of the court or counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container.

Any filing of paper documents under seal shall include a copy of this Protective Order and any filing of electronic documents under seal shall refer specifically to this Protective Order.

10. Destruction. Within ninety (90) days after the conclusion of this litigation, including all appeals, all individuals to whom Protected Information has been disclosed shall return all Protected Information to counsel for the defendant. The obligation to return Protected Information shall occur prior to the termination of this litigation when an individual or entity is no longer a party or when an attorney or expert is no longer retained to work on this case. Individuals returning Protected Information shall certify in writing to defendant that the Protected Information has been returned.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge