**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **JOHN H. and MARY E. BANKS, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | ) | **No. 99-4451 L**<br>**Judge Emily C. Hewitt** |
| **STONE, ERROL L. & SUSAN H., In their own right and as Trustees of the Susan H. Stone Trust and the Errol L. Stone Trust,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | ) | **No. 04-277 L**<br>**Judge Emily C. Hewitt** |
| **EUGENE J. FRETT, Individually and as trustee of the Victor J. Horvath and Frances B. Horvath Trust, and**<br><br>**DONNA P. FRETT,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | ) | **No. 05-1353L**<br>**Judge Emily C. Hewitt** |

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE**
**TO DEFENDANT'S MOTION TO PARTIALLY DISMISS**

In our opening memorandum, we established that the Court should dismiss 17 of the

claims brought by the plaintiffs in this consolidated matter for failure to file complaints timely before this Court as required under 28 U.S.C. § 2501.[1/] We did this by demonstrating that discovery conducted after the Federal Circuit reversed this Court's dismissal earlier on grounds of statute of limitations[2/] revealed facts, which when applied to the Federal Circuit's reasoning in Banks II, can only lead to the conclusion that plaintiffs' claims are time-barred. As explained in our opening memorandum, the Federal Circuit in Boling v. United States, 220 F. 3d 1365 (Fed. Cir. 2000), held that a claimant who is unaware of a Governmental promise or activity that would otherwise delay the accrual of a claim cannot claim the benefits of the justifiable uncertainty doctrine. Motion at 16-17. With the exception of plaintiffs Bodnar and Okonski, the plaintiffs for whom we have moved to dismiss should have their claims dismissed in keeping with the Boling decision. Plaintiffs Bodnar and Okonski should also have their claims dismissed because we established that each was placed on inquiry notice, with their claims accruing, well before six years from when they finally filed suit. Motion at 20-23.[3/]

---

[1/] Those plaintiffs for whom we seek dismissal of their cases were listed at Exhibit 1 to the Defendant's "Motion to Partially Dismiss and Memorandum in Support Thereof" ("Motion"). Plaintiffs' counsel correctly notes that we mistakenly included plaintiff Cosgrove when we meant plaintiff Cunat. Cf., "Plaintiffs' Response to Defendant's Motion to Partially Dismiss and Memorandum in Support Thereof" ("Plaintiffs' Response") at 15, paragraph 46, with Motion at 14 (referring to plaintiff Cunat and her deposition testimony at Exhibit 7) and Exhibit 1 to Motion (which lists plaintiff Cosgrove and omits plaintiff Cunat). Plaintiffs' counsel spoke with undersigned counsel about this error and was informed that it was plaintiff Cunat, not plaintiff Cosgrove, whose case we were seeking to dismiss.

[2/] See Banks v. United States, 49 Fed. Cl. 806 (2001) (Banks I), and Banks v. United States, 314 F.3d 1304 (Fed. Cir. 2003) (Banks II).

[3/] Plaintiffs' Response does not contradict the facts we established or the law we applied. Instead, plaintiffs devote five lines to constructing an accrual date in October 2000, based upon the irrelevant fact that a Corps employee's deposition was taken at that time. See Plaintiffs' Response at 15, paragraph 45.

Tellingly, plaintiffs muster not a word in opposition to defendant's Motion about either the facts learned through discovery or the law, applying those facts, on the question of "justifiable uncertainty." Nor do plaintiffs challenge or disagree with the import of those facts when applied to the Federal Circuit's reasoning in Banks II. Instead, in equal parts, plaintiffs misrepresent our argument and then quarrel with their own self-conceived notion of it.

Our argument straightforwardly describes how the Federal Circuit's decision in Boling v. United States, 220 F. 3d 1365 (Fed. Cir. 2000) governs the facts of this case. Motion at 16-17. Plaintiffs do not address or even mention the Boling decision in its response. Because plaintiffs were unaware of the Corps' beach nourishment program or, if they were aware, did not believe it would benefit their property, they – like plaintiffs in Boling who were unaware of the Corps' policy to construct revetments – cannot be held to have had justifiable uncertainty about the permanence of the erosion to their property. Motion at 15-16.

Our argument is not, as plaintiffs have variously misrepresented: (a) that "plaintiffs' should know" whether 110,000 cubic/yards per year is addressing 30 percent of the erosion (Plaintiffs' Response at 5, 7); (b) that the "government can secretly take private property without the owners' knowledge"[4/] and avoid paying just compensation (Plaintiffs' Response at 14, paragraph 42; see also Plaintiffs' Response at 7, paragraph 19; 10 at paragraph 32), (c) that

---

[4/] Plaintiffs seemingly overlook the fact that the Corps issued a public report in 1973 that very openly acknowledged that the jetties cause erosion south of the St. Joseph Harbor. Plaintiffs also ignore the fact that in Banks I, the Court undertook a thorough detailed review of the evidence (id. at 813-25) and found that plaintiffs were on inquiry notice of their potential takings claims (id. at 825), and that the "gradual process of shoreline erosion set into motion by the government had resulted in a permanent taking and the extent of the damage had become reasonably foreseeable." Id. at 825 (citing Boling v. United States, 220 F.3d 1365, 1370-71 (Fed. Cir. 2000)).

property owners can be held to an accrual of a claim for purposes of the statute of limitations if they or the United States is unaware that the government is the cause of the loss of property[5/] (Plaintiffs' Response at 14, paragraph 43), or (d) that the plaintiffs had to know the specific facts or methodology employed in the beach nourishment program, e.g., use of "submerged piping." (Plaintiffs' Response at 14, paragraph 44).

Second, having chosen to respond against the wrong argument, plaintiffs cavil with objections and characterizations untethered to the issue before the Court. Plaintiffs' predominant theme depicts plaintiffs – for a variety of supposed reasons listed below – as unable to know about the Corps' nourishment program or unable to know about the effectiveness of the Corps beach nourishment program. The former is consistent entirely with our argument based on the Boling decision. The latter, that is, the purported difficulties regarding the effectiveness of the nourishment program, is neither what our argument nor the Boling decision is about.

In support of their misplaced argument, plaintiffs contend that:

(1) The Corps abandoned the Section 111 program (Plaintiffs' Response at 1; 9-10, paragraphs 29-31);

(2) The property owners could not know about a beach nourishment program unless: (a) they knew the jetties caused their loss of property (Plaintiffs' Response at 7, paragraph 19); (b) they knew nourishment was dumped or "otherwise arriving" on their individual property (Plaintiffs' Response at 7, paragraph 18); and, (c) they knew more than the state of "combined knowledge" by engineers and scientists, as represented by insufficient studies – which "must be

---

[5/] We don't rule out the possibility that a property owner could, indeed, be held to have his or her claim accrue under these circumstances. Rather, the facts here are different and it is not our argument.

kept secret" from plaintiffs (Plaintiffs' Response at 7, paragraph 20; see also Plaintiffs' Response at 11, paragraph 36 ("unjust to impute [knowledge of certain science]" upon plaintiffs).

(3) The United States has apparently conspired to engage in "underwater stealth" which "culminates in this Motion for Dismissal because the plaintiffs don't know enough to disbelieve the DDC." (Plaintiffs' Response at 10, paragraph 32.)

(4) The Corps' beach nourishment program has not been effective. (Plaintiffs' Response at 5-7; 11-12, paragraph 37.)

(5) There are (unexplained) distinctions between Section 111 of the 1968 River and Harbor Act and the 5th Amendment of the United States Constitution. (Plaintiffs' Response at 7, paragraph 17; 8-9, paragraphs 22-28.) Plaintiffs appear to suggest that the Corps became aware that its obligation under the 5th Amendment is broader than the Section 111 program, that the Corps had lessened the amounts of nourishment over time, and assert the mitigation afforded by the nourishment program was inadequate. (Plaintiffs' Response at 8-9, paragraphs 24-29.) As with its other arguments, plaintiffs' discourse about the interplay between Section 111 and the 5th Amendment provides no nexus to the issue before the Court; that is, how can a plaintiff have justifiable uncertainty if he or she is unaware of the Corps' beach nourishment program.

Plaintiffs' counsel's overall argument misses the mark. Defendant does not argue that plaintiffs' claims should be dismissed because of some alleged lack of knowledge about the effectiveness of the beach nourishment program. Rather, we argue that it is the uncontested fact that they were entirely unaware of the program or did not believe it would benefit them which mandates, under the reasoning of the Boling decision, that they cannot be said to have had justifiable uncertainty about the permanence of the erosion to their property.

**CONCLUSION**

We respectfully request the Court dismiss the claims of the 17 plaintiffs this motion addresses as time-barred under 28 U.S.C. § 2501. As set forth above, and in our opening memorandum, our position is supported by the facts and the law.

Dated: April 9, 2007

Respectfully submitted,

MATTHEW J. McKEOWN
Acting Assistant Attorney General
Environment and Natural Resources Division

*s/Terry M. Petrie*
TERRY M. PETRIE
Environment and Natural Resources Division
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294
Tele: 303-844-1369
Fax: 303-844-1350
Terry.Petrie@usdoj.gov

HEIDE L. HERRMANN
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202-305-3315
Facsimile: 202-305-0274
Heide.Herrmann@usdoj.gov

Attorneys for Defendant

OF COUNSEL

Gary W. Segrest, Esq.
Office of Counsel
U.S. Army Corps of Engineers
477 Michigan Avenue, Room 659
Detroit, MI 48226

**CERTIFICATE OF SERVICE**

I certify that I have served a copy of the "**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO PARTIALLY DISMISS AND MEMORANDUM IN SUPPORT THEREOF**" by electronic filing with the Unites States Court of Federal Claims on the 9th day of April, 2007 on:

John Ehret, Esq.
20860 Greenwood Drive
Olympia Fields, IL 60461

<u>Counsel for *Banks* Plaintiffs</u>

****************

Drew Marrocco, Esq.
Sonnenschein Nath & Rosenthal LLP
1301 K Street, NW
Suite 600, East Tower
Washington, DC 20005

<u>Counsel for *Stone* Plaintiffs</u>

****************

Eugene J. Frett, Esq.
Sperling & Slater, P.C.
55 West Monroe Street
Suite 3200
Chicago, Illinois 60603

<u>Counsel for *Frett* Plaintiffs</u>

****************

*s/Terry M. Petrie*
TERRY M. PETRIE