# In the United States Court of Federal Claims

No. 99-4451 L
c/w 99-4453L, 99-4454L, 99-4455L, 99-4456L, 99-4457L, 99-4458L, 99-4459L, 99-44510L, 99-44511L, 99-44512L, 00-365L, 00-379L, 00-380L, 00-381L, 00-382L, 00-383L, 00-384L, 00-385L, 00-386L, 00-387L, 00-388L, 00-389L, 00-390L, 00-391L, 00-392L, 00-393L, 00-394L, 00-395L, 00-396L, 00-398L, 00-399L, 00-400L, 00-401L, 04-277L, 05-1353L, 05-1381L, 06-72L
(E-Filed: April 12, 2007)

JOHN H. BANKS, ET AL.,

Plaintiffs, — 99-4451 L

v.

THE UNITED STATES,

Defendant.

STONE, ERROL L. and SUSAN H.
As Trustees of the Susan H. Stone Trust,

Plaintiffs, — 04-277 L

v.

THE UNITED STATES,

Defendant.

EUGENE J. FRETT, Individually and
as Trustee of the Victor J. Horvath
and Frances B. Horvath Trust,

Plaintiff, — 05-1353 L

| | |
|---|---|
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| ________________________________ | ) |

ORDER

Before the court is the parties' Joint Status Report Regarding Site Visit filed on April 6, 2007 (JSR). The comments by the plaintiffs appear to downplay the possible usefulness of a site visit and to make several suggestions that appear calculated to limit whatever usefulness there may be. For example, plaintiffs "reserve the right to revisit the issue of whether the site visit should include a boat tour," JSR 2, and "[p]laintiffs decline to have experts attend the field tour," JSR 3.

The court agrees that the site visit is not an occasion for testimony on the record. However, the court disagrees with the view that the presence of experts would not be helpful. See JSR 3. The court approves of the suggestion that experts accompany the court, provide commentary to the court in the presence of counsel, and that counsel may, at trial, examine expert and percipient witnesses within the Federal Rules of Evidence (FRE) to bring out any matters that counsel wishes to have addressed on the record and that may have been suggested by the site visit.

The court will be prepared to walk approximately three to five miles on roads, improved properties, and beaches, including rock beaches. The court also will be prepared to travel relevant distances by boat. The court will be prepared to walk on uneven ground and to negotiate changes in elevation, including crossing groins and jetties of a reasonably negotiable scale as may be required to view portions of the site. The court will not be prepared to walk in any significant amount of water.

The parties shall prepare for delivery at the pre-trial conference on May 16, 2007 an outline of a proposed site visit, including estimated times, estimated distances, and expected participants. The court will be accompanied by Ms. Evgenia Fkiaras and Ms. Nadine Gartner, law clerks to the court. The court recognizes that all site visit plans that involve the use of a boat are dependent upon the weather. However, the court will be prepared to visit accessible portions of the site in the rain.

Assuming the presence of witnesses, who may be expert or percipient or both, the court anticipates that the parties' representatives will take turns commentating on aspects

of the site.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge