**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**JOHN H. and MARY E. BANKS, et al.,**

**Plaintiffs,**

**v.**

**THE UNITED STATES OF AMERICA,**

**Defendant.**

**No. 99-4451 L**
**Judge Emily C. Hewitt**

---

**STONE, ERROL L. & SUSAN H.,**
**In their own right and as Trustees of the Susan H. Stone Trust and the Errol L. Stone Trust**

**Plaintiffs,**

**v.**

**THE UNITED STATES OF AMERICA,**

**Defendant.**

**No. 04-277 L**
**Judge Emily C. Hewitt**

---

**EUGENE J. FRETT, Individually and as trustee of the Victor J. Horvath and Frances B. Horvath Trust, and**

**DONNA P. FRETT,**

**Plaintiffs,**

**v.**

**THE UNITED STATES,**

**Defendant.**

**No. 05-1353 L**
**Judge Emily C. Hewitt**

---

**MEMORANDUM OF CONTENTIONS**
**OF FACT AND LAW: OBJECTIONS TO PLAINTIFFS' EXHIBITS**

Pursuant to the Court's Order filed January 19, 2007, and paragraph 14(b) of Appendix A of the Court's Rules, defendant objects to the following exhibits that plaintiffs' have proposed for use as exhibits.

A. Exhibits Not Provided

Defendant informed plaintiffs after the March 14, 2007 Meeting of Counsel (see Court's order filed January 19, 2007, paragraph 1) that we did not have copies of 20 of plaintiffs' exhibits. Ex. 1, Letter from Terry M. Petrie to John Ehret, Drew W. Marrocco, and Eugene J. Frett, dated March 21, 2007. Since then, between our efforts to locate copies of exhibits which were Corps documents and plaintiffs providing copies of other exhibits, defendant has received 17 of those 20 exhibits. We reminded plaintiffs of their obligation to provide these exhibits by letter dated April 2, 2007. Ex. 2, Letter from Terry M. Petrie to John Ehret, et. al, dated April 2, 2007 (see page 4 at paragraph 2E and page 5). We object to the three exhibits which plaintiffs still refuse to meet their obligation:

1. Plaintiffs' Exhibit 66

2. Plaintiffs' Exhibit 67

3. Plaintiffs' Exhibit 73

B. Objections to Exhibits for Which Plaintiffs Did Not Provide A Copy of the Whole Document From Which the Excerpt is a Part

By order filed March 16, 2007, the Court directed the parties to advise each other in writing on or before Friday, March 30, 2007

> of any excerpts of particular documents that the parties intend to present as evidence at trial without presenting the documents in full. On or before Friday, April 13, 2007, the parties shall respond to each other, stating whether presenting the excerpt(s) only is agreeable, agreeable with additional portions of the document(s),

or objectionable.

Plaintiffs did not provide any statements by March 30, 2007. Nonetheless, defendant expended the effort to examine plaintiffs' exhibit list and the copy of those exhibits which we have received from plaintiffs in an effort to determine whether any of the proposed exhibits appeared to be excerpts. Based upon that review, in keeping with the Court's March 16 order, we responded to plaintiffs and informed them that many of their exhibits appeared to be excerpts. See Ex. 3, "Defendant's Response to Plaintiffs' Proposed Use of Excerpts for Exhibits." We also attempted to advise plaintiffs of our position regarding whether we found the excerpts "agreeable, agreeable with additional portions of the document(s), or objectionable." See order filed March 16, 2007. Defendant objected to 20 of plaintiffs' exhibits because plaintiffs had not provided us a complete copy of the underlying document from which the excerpt appears to have come from. Notwithstanding, plaintiffs have not further responded. Therefore, in keeping with the spirit of the Court's order, our April 13, 2007 response to plaintiffs (Ex. 3), and Fed.R.Evid. 106, we continue to interpose an objection to the following list of plaintiffs' exhibits:

1. Plaintiffs' Exhibit 1
2. Plaintiffs' Exhibit 25
3. Plaintiffs' Exhibit 38
4. Plaintiffs' Exhibit 44
5. Plaintiffs' Exhibit 59
6. Plaintiffs' Exhibit 90
7. Plaintiffs' Exhibit 99
8. Plaintiffs' Exhibit 100

9. Plaintiffs' Exhibit 105

10. Plaintiffs' Exhibit 106

11. Plaintiffs' Exhibit 108

12. Plaintiffs' Exhibit 109

13. Plaintiffs' Exhibit 110

14. Plaintiffs' Exhibit 111

15. Plaintiffs' Exhibit 119

16. Plaintiffs' Exhibit 121

17. Plaintiffs' Exhibit 123

18. Plaintiffs' Exhibit 124

19. Plaintiffs' Exhibit 129

20. Plaintiffs' Exhibit 133

C. Objections to Summary Exhibits

We informed plaintiffs by letter dated March 16, 2007, to our objection to the "summary" exhibits they provided at the March 14, 2007, Meeting of Counsel. Ex. 4, Letter from Terry M. Petrie to John Ehret, et. al, dated March 16, 2007. The list of summary exhibits provided by plaintiffs is appended as an attachment to Ex. 4. None of the exhibits had been prepared, much less provided to defendant, at the time of Meeting of Counsel. Ex. 4, page 4, paragraph 2(B)(2)(A). Despite our objections, plaintiffs still have:

1. Failed to specify a "time when the source(s) may be examined or audited by the opposing party," or "who prepared each summary" per Appendix A, paragraph 13(a) of the Court's rules. See also Fed.R.Evid. 1006.

2. Failed to provide us copies of the following proposed "summary" exhibits (see attachment to Ex. 4):

   a. Number 1 (the "hundreds" of photos from 1928 to present)

   b. Number 4 ("news articles")

   c. Number 8 (MDEQ information)

We also interpose an objection to plaintiffs' summary exhibits 1, 2, 3, and 4 because, from plaintiffs' description, they do not appear to be summaries; instead, plaintiffs propose to submit untold numbers of individual photos and news articles and simply characterize them as a "summary."

D. Objection to Plaintiffs' Exhibit 5.96

On April 22, 2007 – 39 days after submission of the exhibit was required at the Meeting of Counsel held on March 14 (see Appendix A, paragraph 13(a)[1/] and 18 days after submission of plaintiffs' Memorandum of Contentions of Fact and Law[2/] – plaintiffs sent defendant a copy of a four-page document labeled "PX 5.96." Ex. 5. This is a new exhibit not previously listed or provided. Plaintiffs are late. Plaintiffs never approached defendant to inquire about seeking an agreement between the parties to add further exhibits after the Meeting of Counsel. Nor have plaintiffs offered any kind of reason, much less a compelling reason, for their failure to list and provide the exhibit timely.

---

[1/] See Appendix A, paragraph 13(a) of the Court's Rules ("Failure to list an exhibit shall result in exclusion of the exhibit at trial absent agreement of the parties to the contrary or a showing of a compelling reason for the failure")

[2/] See "Plaintiffs Memorandum of Contentions of Fact and Law Pursuant to Court Order Dated: 1-19-07 Docket 167 Supplementary Filing to Add Plaintiffs' Witness and Exhibit Lists" (Docket No. 181).

E. Objection to Plaintiffs' Exhibit 11

Exhibit 11 is a two-page, handwritten, undated document written apparently by a lady named Barbara G. Troost. The heading on page one of the document is headed with the words "North and South Piers –" and the remainder of the document consists of what appears to be a chronology of events beginning in 1834 and ending in 1989. Both pages of the document contain an imprint that states, "Maud Preston Palenske Memorial Library, St. Joseph, Michigan 49088, Tel. (616) 983-7167." Ms. Troost is not a witness for either side. Plaintiffs have never identified her as a witness or a person in possession of relevant information through the rules governing disclosure in discovery. Defendant does not know who she is. In an effort to identify Ms. Troost, we called the Memorial Library and was informed that she was not an employee. No information appears on the face of the document to suggest how Ms. Troost came up with the information she presumably wrote on the exhibit, what sources of information she relied upon, or what information she came across and elected not to include. Minimally, the exhibit is objectionable under Fed.R.Evid. 901 and 902 (for lack of authentication), and 802 (hearsay).

F. Learned Treatises

Plaintiffs' exhibits 26, 27, 86, 87, 89, 97, 99, 101, 104, 105, and 107, all appear to be articles published in technical journals. Additionally, plaintiffs' exhibits 44 and 60 appear to be from textbooks or handbooks that relates to technical matters. If otherwise admissible, the relevant information contained within these exhibits – but not the document itself – possibly may be offered into evidence under Fed.R.Evid. 803(18), as a learned treatise exception to the hearsay rule, by reading the relevant passages into evidence. To the extent, plaintiffs contemplate offering any of these documents into evidence as opposed merely to reading the

appropriate statements into evidence, we object on the basis that it would violate Fed.R.Evid. 803(18).

Dated: April 25, 2007

Respectfully submitted,

MATTHEW J. McKEOWN
Acting Assistant Attorney General
Environment and Natural Resources Division

*s/Terry M. Petrie*
TERRY M. PETRIE
Environment and Natural Resources Division
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294
Tele: 303-844-1369
Fax: 303-844-1350
Terry.Petrie@usdoj.gov

HEIDE L. HERRMANN
G. EVAN PRITCHARD
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663

Attorneys for Defendant

OF COUNSEL
Gary W. Segrest, Esq.
Office of Counsel
U.S. Army Corps of Engineers
477 Michigan Avenue, Room 659
Detroit, MI 48226

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the "**Defendant's Memorandum of Contentions of Fact and Law: Objections to Plaintiffs' Exhibits**" by electronic filing with the Unites States Court of Federal Claims on the 25th day of April, 2007 on:

John Ehret, Esq.
20860 Greenwood Drive
Olympia Fields, IL 60461
Counsel for *Banks* Plaintiffs

****************
Drew Marrocco, Esq.
Sonnenschein Nath & Rosenthal LLP
1301 K Street, NW
Suite 600, East Tower
Washington, DC 20005
Counsel for *Stone* Plaintiffs

****************
Eugene J. Frett, Esq.
Sperling & Slater, P.C.
55 West Monroe Street
Suite 3200
Chicago, Illinois 60603
Counsel for *Frett* Plaintiffs

****************

*s/Terry M. Petrie*
TERRY M. PETRIE