**U.S. Department of Justice**

Environment and Natural Resources Division

*Terry M. Petrie, Attorney*
*Denver Field Office*
***1961 Stout Street, 8th Floor***
***Denver, CO 80294***

*Telephone (303) 844-1369*
*Facsimile (303) 844-1350*

April 2, 2007

**BY FACSIMILE**

John Ehret, Esq.
20860 Greenwood Drive
Olympia Fields, IL 60461

Drew W. Marrocco
Sonnenschein Nath & Rosenthal LLP
1301 K Street, N.W.
Suite 600, East Tower
Washington, D.C. 20005

Eugene J. Frett, Esq.
Sperling & Slater, P.C.
55 West Monroe Street
Suite 3200
Chicago, Illinois 60603

RE: Banks, et al. v. United States, No. 99-4451 L; Stone, et al. v. United States, No. 04-277 L; Frett, et al. v. United States, No. 05-1351 L (Appendix A, Paragraph 13 – Information regarding witnesses and copies of Exhibits)

Gentlemen:

I write about matters related to plaintiffs' witnesses and exhibits.

1. Witnesses:

A. On March 16, 2007, I wrote regarding the fact that plaintiffs had listed approximately 24 new witnesses who had not been disclosed before at the Meeting of Counsel held on March 14. In response to my question, plaintiffs voiced no problem with defendant approaching these individuals. At this time, however, we have not been able to contact two of those witnesses, R. J. Burkholz and Dr. David Folger. The telephone number you provided for Mr. Burkholz is disconnected. No phone number was provided for Dr. Folger though you indicated he was employed by the United States Geological Survey. We have since learned that Dr. Folger no longer works there. We ask your help in

**Exhibit 2**

identifying current phone numbers or other reasonable means by which we may contact Mr. Burkholz and Dr. Folger.

B. Another witness, Lee Hendrix, has not returned our call. We ask your help in learning if he is available and securing his assistance to speak with us.

C. Regarding plaintiffs' witnesses who are current or former Federal government employees, please remember you need to comply with the Touhy regulations promulgated by the witness' agency in order to obtain their testimony. You suggest in your letter dated March 24, 2007, you will "proceed to issue [your] subpoenas and we can see what you want to do." That is your choice, of course, and whether it complies with – at least in the instance of current of former Corps employees (mindful that other witnesses who are employed by other Federal agencies have different regulations) – the Army regulations will then be decided.[1]

2. Exhibits:

A. Regarding plaintiffs' exhibits, I wrote on March 21, 2007, and provided a list of 20 exhibits for which defendant believed it did not have as well as another 12 exhibits for which defendant could locate only what appeared to be a partial copy.

B. From this group of 32 exhibits, I also indicated that I would have the Corps check on 10 exhibits which, based on your description, I believed to be Corps documents. Since then the Corps has located 6 of those 10 exhibits (specifically exhibits 28, 95, 102, 127, 132, and 133).

(1) I note that plaintiffs' exhibit list indicates that exhibit 133 will consist of "Excerpts re LST - Velocity of Sand Movement" from the 1984 Shore Protection Manual. Plaintiffs did not comply with the Court's order, filed March 16, 2007, which required the parties to notify the other in writing by March 30 of the particulars of excerpted documents. I ask that information be provided immediately.

(2) Regarding the other 4 exhibits which the Corps could not locate, I ask your help in the following regards:

(A) Plaintiffs' Exhibit 22: Your list identifies it as a November 1994 document. We believe the correct year is November 1974. Please

[1] See 32 CFR 516.41(d) ("Requesters' responsibilities. Individuals seeking official information must submit, at least 14 days before the desired date of production, a specific written request setting forth the nature and relevance of the official information sought.")

confirm if the correct date is 1974. If so, then we have a copy of this exhibit. If not, then please provide a copy of the exhibit.

(B) Plaintiffs' Exhibit 29: Your description of the document in the exhibit list is not sufficient for the Corps to attempt to identify and locate the exhibit. If your description is complete then the Corps does not possess a copy and we ask that you provide a copy.

(C) Plaintiffs' Exhibit 37: The Corps could not locate the document described in the plaintiffs' list. The Corps attempted to contact the author but he no longer works for the Corps. Please provide a copy of this exhibit.

(D) Plaintiffs' Exhibit 129: We could not locate the document described in the plaintiffs' list. Please provide a copy of this exhibit.

C. Since my March 21, 2007 letter, Mr. Ehret has provided some copies of exhibits in question. Please correct me if I have tallied them wrong but I show receipt of the following exhibits:

(1) Exhibit 21A – Incomplete. The first page of this document dated May 8, 1995 is included but the rest is not. See Mr. Ehret's facsimile dated "3-23-07." Because the document appears to be a Corps document, I will ask them to look for it with this added identification.

(2) Exhibit 21B – A two-page memo dated 16 January 1996 appears to be without the attachments. See Mr. Ehret's facsimile dated "3-23-07." Because the document appears to be a Corps document, I will ask them to look for the attachments with this added identification. Please advise me, however, if you have copies of the referenced attachments.

(3) Exhibit 21C – The exhibit appears to be complete. See Mr. Ehret's facsimile dated "3-23-07."

(4) Exhibit 106 – the exhibit appears to be complete. See Mr. Ehret's letter dated March 26, 2007.

D. Mr. Ehret's letter dated March 24, 2007, addresses a number of items.

(1) Mr. Ehret refers to "Appendix A, Item 3, 6, and 7" which he states will be sent under separate cover by priority mail. I have received these items. They appear to be what Mr. Ehret has characterized as "summary exhibits." If I am wrong, please advise.

(2) Mr. Ehret refers to "Appendix A, Item 5a, b, c, and d" and has included various excerpts of documents that appear to suggest that the exhibits in question are attachments to those documents which include some court filings. Please advise me whether I am correct. In order to minimize confusion or my misunderstanding, I also ask that you state clearly for me what the exhibit numbers are for these documents that you refer to as "Item 5a, b, c and d."

(3) Similarly, you refer to an exhibit regarding your wife's photos "from 1925 to the present, a set was provided to Selegean and Longstreth when they visited Stevensville together." You also refer in the same paragraph to a list of the pictures which were provided with Plaintiffs' Motion for Summary Judgment on Liability, dated 12-15-03.

(a) Again, to minimize confusion or misunderstanding, please confirm the exhibit number you contemplate these photos being numbered as.

(b) Please also confirm that the exhibit which is the set of photos provided to Mr. Selegean and Mr. Longstreth is the <u>same</u> as the list of pictures referenced in the 2003 Motion for Summary Judgment.

(4) You refer to "Appendix A Item 2." Please confirm what exhibit number this refers to.

(5) You refer to "Appendix A, Item 4, News Articles," and suggest, by implication, that you are not going to identify the specific universe of articles for which you apparently intend to introduce as an exhibit. While I understand your comment that "many are incorporated in briefs" or, perhaps, correspondence, I believe you have the obligation to specifically identify those articles that you are going to use and that the general reference you have made is not adequate or sufficient under the Court's rules. I ask again that you specify and provide us a copy of each article which you intend to submit as an exhibit.

(6) You refer to an excerpted filing of Exhibit 18 and indicate that the complete article was provided to the Government at a July 2004 deposition of Dr. Nairn. Based on that information, we will look for it and advise you further if we cannot locate it.

E. Mr. Ehret's March 25, 2007 facsimile suggests that we can buy copies of Exhibits 66 and 67. Defendant does not have the obligation to buy copies of plaintiffs exhibits. Please advise whether we can anticipate your providing us the necessary copies of those exhibits as the Court's rules require.

I also ask that you advise whether we will receive copies of all other exhibits mentioned in my March 21 letter but not otherwise addressed in this letter above. If you do not intend to provide copies of those exhibits than the parties will need to ask the Court's help to straighten this out. Because these exhibits should have been provided on March 14 and the passage of time is prejudicing our ability to prepare for trial without them, I ask you advise me of your intentions no later than Thursday, April 5.

Sincerely,

Terry M. Petrie

Terry M. Petrie
Trial Attorney