IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JOHN H. and MARY E. BANKS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 99-4451 L<br>Judge Emily C. Hewitt |
| STONE, ERROL L. & SUSAN H., In their own right and as Trustees of the Susan H. Stone Trust and the Errol L. Stone Trust<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 04-277 L<br>Judge Emily C. Hewitt |
| EUGENE J. FRETT, Individually and as trustee of the Victor J. Horvath and Frances B. Horvath Trust, and<br><br>DONNA P. FRETT,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 05-1353 L<br>Judge Emily C. Hewitt |

**DEFENDANT'S RESPONSE TO PLAINTIFFS'**
**PROPOSED USE OF EXCERPTS FOR EXHIBITS**

Pursuant to the Court's order filed March 16, 2007, defendant provides the following

**Exhibit 3**

response to the exhibits plaintiffs' appear to propose to introduce into evidence as excerpt. The Court's order specifically states that:

> the parties shall, on or before Friday, March 30, 2007, advise each other in writing of any excerpts of particular documents that the parties intend to present as evidence at trial without presenting the documents in full. On or before Friday, April 13, 2007, the parties shall respond to each other, stating whether presenting the excerpt(s) only is agreeable, agreeable with additional portions of the document(s), or objectionable.

Plaintiffs did not provide any statements by March 30 regarding excepts of documents it intended to introduce at trial. We have received several facsimiles sent by plaintiffs on April 4 and 5. In an effort not to overlook any exhibits, we attempted to ascertain from the description of exhibits from plaintiffs' exhibit list if any given exhibit appears to be an excerpt. Our response below only relates to whether we find a document, in the specific form of an excerpt, to be acceptable to be offered by plaintiffs into evidence. Any objections we might have ultimately to the admissibility of the exhibit into evidence, we reserve until we file our Memorandum of Contentions of Fact and Law on April 25. See Court's order filed January 19, 2007.

1. Our response, per the Court's order filed March 16, 2007, to plaintiffs' exhibits for which it appears plaintiffs intend to offer as an excerpt is as follows:

| Exhibit # | Exhibit appears to be an excerpt but was not listed as such on plaintiffs' exhibit list | Exhibit appears to be listed as an excerpt on plaintiffs' exhibit list | Agreeable | Agreeable with additional portions of the document[1] | Objectionable[2] |
|---|---|---|---|---|---|
| 1 | x | | | | x |
| 3 | x | | x | | |
| 4 | x | | x | | |
| 5.1 through 5.95 | x | | x | | |
| 6 | | x | x | | |
| 12 | x | | x | | |
| 18 | x[3] | | | x | |
| 20 | | x | | x[4] | |

[1] Unless otherwise noted, we desire the entire document to be included for the proposed exhibit and not merely an excerpt. See Fed.R.Evid. 106.

[2] Unless otherwise noted, we reserve the right to determine whether we object to the proposed excerpted document because we believe plaintiffs have provided us a complete copy of plaintiffs' exhibit. See Rules of the United States Court of Federal Claims, Appendix A, paragraph 13(a) ("Unless previously exchanged, counsel for the parties shall exchange a copy of each exhibit used"). Once we receive the complete copy we can then make an informed decision in keeping with the Court's March 16 order.

[3] Plaintiffs sent us two facsimiles on April 4, 2007, that address Plaintiffs' Exhibit 18. One facsimile contained what appears to be the whole document; the other facsimile specified five pages of the larger document and indicating these pages are to comprise an excerpted document as the exhibit.

[4] The exhibit appears to be a duplicate of Plaintiffs' Exhibit 77. Whether plaintiffs elect to use Exhibit 20 or 77, we desire the whole document comprise the exhibit.

| | | | | | |
|---|---|---|---|---|---|
| 22 | x (notification via 4/4/07 facsimile) | | | x | |
| 23 | x | | x | | |
| 24 | | x | | | |
| 25 | | x | | | x |
| 26 | x | | | x | |
| 27 | x | | | x | |
| 28 | x (notification via 4/4/07 facsimile) | | | x | |
| 29 | x (notification via 4/4/07 facsimile) | | x | | |
| 30 | x | | | x | |
| 34 | x (notification via 4/4/07 facsimile) | | | x | |
| 35 | x (notification via 4/4/07 facsimile) | | | x | |
| 37 | x (notification via 4/4/07 facsimile) | | | x | |
| 38 | x | | | | x |
| 41 | x | | x | | |
| 42 | x | | x | | |
| 43 | x | | x | | |
| 44 | | x | | | x |

| | | | | | |
|---|---|---|---|---|---|
| 48a | | x | x | | |
| 48b | | x | x | | |
| 57 | | x | | x | |
| 59 | | x | | | x[5] |
| 75 | | x | x | | |
| 76 | x | | x | | |
| 90 | x | | | | x |
| 92 | x | | | x | |
| 95 | x (notification via 4/4/07 facsimile) | | x | | |
| 99 | | x | | | x |
| 100 | | x | | | x |
| 104 | | x | | x | |
| 105 | | x | | | x |
| 106 | x | | | | x |
| 108 | | x | | | x |
| 109 | | x | | | x |
| 110 | | x | | | x |
| 111 | | x | | | x |
| 118 | | x | | x | |
| 119 | | x | | | x |
| 120 | | x | x | | |
| 121 | | x | | | x |
| 123 | x | | | | x |

[5] Plaintiffs' Exhibit List suggests Exhibit 59 relates to 6 pages from a textbook on the subject of "Crib structures." What plaintiffs have provided us is 4 pages that do not appear to relate to the subject.

| | | | | | |
|---|---|---|---|---|---|
| 124 | | x | | | x |
| 129 | x | | | | x |
| 132 | x | | | x | |
| 133 | x (notification via 4/5/07 facsimile) | | | | x[6] |
| 134 | x (notification via 4/4/07 facsimile) | | x | | |

2. Plaintiffs have also designated excerpts of portions of deposition transcripts. Though plaintiffs did not denominate them as "exhibits," we understand them to be designated for the purpose of introducing them into evidence as exhibits. In keeping with the Court's March 16, 2007 order, we respond now to those designations.[7] Our response now, as above, is limited to the express purpose of determining whether we find the excerpts of the deposition transcripts to be "agreeable, agreeable with additional portions of the document(s), or objectionable." We reserve the right to interpose objections to the use of the deposition transcript(s) as an exhibit admissible at trial until we file our Memorandum of Contentions of Fact and Law on April 25, 2007.

A. Deposition of James P. Selegean on May 19, 2005

(1) We do not object to any of the designations specified by plaintiffs' counsel.

---

[6] Plaintiffs describe the excerpts of Exhibit 133, Shore Protection Manual, as coming from the 1984 edition. Yet one page of the excerpts appears to be come from the 1977 edition.

[7] Counsel for Banks plaintiffs and Stone plaintiffs submitted separate designations. Our response addresses both counsel's designations together for each applicable witness.

(2) We request that the following designations also be included:

- -- pages 20:17 - 21:9
- -- page 47:4-21
- -- page 52:10-14
- -- pages 56:6 - 57:21
- -- pages 60:17 - 61:5
- -- page 64:3-20
- -- pages 75:18 - 76:17
- -- pages 78:3 - 79:21
- -- pages 82:21 - 83:13
- -- pages 86:10 - 87:3
- -- page 100:8-21
- -- pages 101:20 - 101:13
- -- pages 106:15 - 107:4
- -- pages 108:1 - 109:20
- -- pages 134:19 - 135:1
- -- pages 142:14 - 143:8
- -- pages 147:11 - 149:12
- -- pages 151:10 - 152:5
- -- pages 191:3 - 192:22
- -- pages 212:7 - 216:13

B. <u>Deposition of James P. Selegean on June 2, 2006</u>

(1) We object to the designation of "p. 111:13-89:6" as unintelligible. We have not other objections to any of the other designations specified by plaintiffs' counsel.

(2) We request that the following designations also be included:

- -- pages 26:1 - 27:8
- -- page 30:1-9
- -- page 46:1-7
- -- page 61:19-25
- -- pages 66:6 - 67:19
- -- page 67:6-19
- -- pages 71:7 - 72:17
- -- page 78:1-15
- -- page 109:1-21
- -- page 120:5-11
- -- page 120:21-24
- -- page 124:5-12
- -- pages 132:8 - 133:8

-- pages 134:16 - 135:13
-- pages 135:18 - 136:24
-- page 137:3 - 139:16

C. Deposition of Dr. Grahame Larson on July 14, 2006

(1) We do not object to any of the designations specified by plaintiffs' counsel.

(2) We request that the following designations also be included:

-- page 5:9-19
-- pages 6:20 - 7:8
-- pages 13:24 - 15:20
-- pages 15:21 - 17:11
-- pages 18:2 - 22:5
-- pages 25:6 - 26:8
-- pages 45:18 - 51:4
-- pages 57:16 - 61:18
-- pages 70:12 - 71:9
-- page 185:1-8
-- page 192:1-10
-- pages 207:3 - 208:13

D. Deposition of Dr. Robert B. Nairn on July 16, 2004

(1) We do not object to any of the designations specified by plaintiffs' counsel.

(2) We request that the following designations also be included:

-- pages 10:18 - 13:5
-- pages 13:14 - 14:1
-- pages 15:12 - 17:9
-- pages 17:21 - 18:10
-- page 24:9-23
-- pages 55:23 - 57:16
-- page 61:19-24
-- pages 66:6 - 67:2
-- pages 80:24 - 81:23
-- pages 119:18 - 120:5
-- page 122:4-17

E. Deposition of Dr. Robert B. Nairn on August 24, 2006

(1) We do not object to any of the designations specified by plaintiffs' counsel.

(2) We request that the following designations also be included:

-- page 16:1-5
-- pages 18:22 - 20:17
-- pages 26:2 - 29:16
-- pages 46:4 - 47:6
-- page 49:14-17
-- page 70:14-25
-- pages 82:4 - 84:16
-- pages 92:10 - 104:11
-- page 110:1-13
-- pages 142:20 - 143:15
-- pages 150:12-17
-- pages 151:3 - 157:6
-- pages 169:10 - 171:7
-- pages 172:21 - 173:9
-- pages 182:10 - 183:11
-- pages 196:2 - 199:9
-- pages 201:24 - 205:13
-- pages 207:14 - 208:21

Dated: April 13, 200

Respectfully submitted,

s/Terry M. Petrie
TERRY M. PETRIE
Environment and Natural Resources Division
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294
Tele: 303-844-1369
Fax: 303-844-1350
Terry.Petrie@usdoj.gov

Attorney for Defendant

OF COUNSEL:

Gary W. Segrest
Office of Counsel

U.S. Army Corps of Engineers
477 Michigan Avenue, Room 659
Detroit, MI 48226

**CERTIFICATE OF SERVICE**

I certify that I have served a copy of the "**DEFENDANT'S RESPONSE TO PLAINTIFFS' PROPOSED USE OF EXCERPTS FOR EXHIBITS**" by email and facsimile on the 13th day of April, 2007 on:

John Ehret, Esq.
20860 Greenwood Drive
Olympia Fields, IL 60461

Counsel for *Banks* Plaintiffs

****************

Drew Marrocco, Esq.
Sonnenschein Nath & Rosenthal LLP
1301 K Street, NW
Suite 600, East Tower
Washington, DC 20005

Counsel for *Stone* Plaintiffs

****************

Eugene J. Frett, Esq.
Sperling & Slater, P.C.
55 West Monroe Street
Suite 3200
Chicago, Illinois 60603

Counsel for *Frett* Plaintiffs

****************

s/Terry M. Petrie