**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **JOHN H. and MARY E. BANKS, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **No. 99-4451 L**<br>**Judge Emily C. Hewitt** |
| **STONE, ERROL L. & SUSAN H., In their own right and as Trustees of the Susan H. Stone Trust and the Errol L. Stone Trust,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **No. 04-277 L**<br>**Judge Emily C. Hewitt** |
| **EUGENE J. FRETT, Individually and as trustee of the Victor J. Horvath and Frances B. Horvath Trust, and**<br><br>**DONNA P. FRETT,**<br><br>**Plaintiffs,**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **No. 05-1353L**<br>**Judge Emily C. Hewitt** |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' SUBMISSION REGARDING DATE OF THE 1999 REPORT**

Pursuant to the Court's order of May 7, 2007, Defendant hereby files this response to Plaintiffs' Submission Regarding Date of the 1999 Report, filed May 8, 2007. The Court's order directed Plaintiffs to "file briefing arguing for jurisdiction of the court to hear the Okonski plaintiffs' case." See Order (May 7, 2007). As explained below, Plaintiffs have failed to meet their burden of proving that this Court has jurisdiction over the Okonski plaintiffs' claim.

The United States Court of Appeals for the Federal Circuit held that Plaintiffs' takings claims accrued upon the issuance of three technical reports by the Army Corps of Engineers ("Corps") regarding the Corps' mitigation efforts. See Banks v. United States, 314 F.3d 1304, 1310 (Fed. Cir. 2003). The last of these reports covers the fiscal year 1999 and is dated "January 2000," ("1999 Report"). See id. at 1307. The Court has interpreted the Federal Circuit's decision to indicate that the claims did not accrue until the issuance of the 1999 Report. See Order (May 3, 2007) at 15.

As the Court has noted, Plaintiffs bear the burden of proving jurisdiction once jurisdiction is challenged. See Order (May 3, 2007) at 16 (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). This burden requires that Plaintiffs establish that the Court has subject matter jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). Further, since the statute of limitations is a jurisdictional limit on the authority of this Court, it must be strictly construed. See Order (May 3, 2007) at 16 (quoting Frazer v. United States, 288 F.3d 1347, 1351 (Fed. Cir. 2002)).

Plaintiffs have failed to meet their burden to prove this Court has jurisdiction over the

Okonski claim. They note that no routing slips or other indicia of circulation for the 1999 Report have been located. See Pls.' Submission Regarding Date of the 1999 Report ("Pls.' Brief") at 1. They also reference a "routing slip" for the Corps' earlier report for fiscal year 1997 ("1997 Report") that they state "has been in evidence," but they fail to provide any citation. Id. Defendant does not believe that this "routing slip" has been introduced into evidence, but did receive a copy of the document as an attachment to a letter faxed to Defendant by Plaintiffs on May 3, 2007, which is attached hereto as Defendant's Exhibit 1.[1/] Finally, Plaintiffs cite, "[w]ith reluctance," "Webster's Collegiate Dictionary of 1947" as stating that the word "issue" derives from the "Old French issir or eissir - to go out, from the Latin exire, from ex, out of, from + ire to go."[2/]

Plaintiffs also state that there is no evidence that the 1999 Report[3/] "would ever be published outside the Detroit District Corps [office] in the normal course of business." See Pls.'

---

[1/] Plaintiffs accurately state in their letter that the 1997 Report was introduced as an exhibit during the deposition of David Schweiger on October 26, 2000. See Def.'s Ex. 1 at 1. Plaintiffs then describe the 1997 Report routing slip, which they refer to there as a "cover letter." See id. However, no routing slip or cover letter is attached to the copy of the 1997 Report that is Exhibit 2 to the Schweiger Deposition Transcript. In any event, Defendant does not dispute that the document in question is a routing slip for the 1997 Report.

[2/] Plaintiffs also state that the Okonski plaintiffs signed their complaint on December 23, 2005, and that their "check is dated January 27, 2006," the same day their complaint was filed. See Pls.' Br. at 1. We note that the Okonski plaintiffs signed their simultaneously-filed Notice of Directly Related Cases on December 31, 2005. See Okonski Complaint (Jan. 27, 2006) at 8. Plaintiffs do not explain the relevance of this information. To the extent it is meant to suggest that the Okonski plaintiffs attempted to file their complaint in December 2005 such that their claim is timely, Plaintiffs have not met their burden of proof.

[3/] Although Plaintiffs' brief is entitled "Plaintiffs' Submission Regarding Date of the 1999 Report," they refer to the 1999 Report as the "JANUARY 2000 REPORT" in the text of their brief.

Br. at 1-2. Plaintiffs' interview of Corps employee David Schweiger shows that the 1999 Report would not normally be distributed outside the Detroit District Office. See Joint Submission Regarding Date of 1999 Report (May 7, 2007) at 3. A declaration signed by Mr. Schweiger, which confirms the information he provided during his interview, is attached hereto as Defendant's Exhibit 2.

Defendant does not dispute Plaintiffs' statement that there is no evidence that the 1999 Report was "published" outside of the Corps. By referencing the derivation of "issue," Plaintiffs are apparently trying to interpret that word, as used by the Federal Circuit with respect to the Corps' reports, to mean "publicly distribute." See Banks, 314 F.3d at 1310 ("The Statute of limitations did not begin to run until the Corps issued the 1996, 1997, and 1999 Reports") (emphasis added). This Court also has stated that it

> reads the Federal Circuit's holding–that "the accrual of plaintiffs' claims remained uncertain until the Corps' [Reports] collectively indicated that erosion was permanent and irreversible," Banks [], 314 F.3d at 1310–to assume some sort of public circulation of the Reports such that plaintiffs could be said to have had constructive notice of them."

Order (May 3, 2007) at 16-17. However, as the Court also noted, the Federal Circuit did not address the question of constructive or actual notice to Plaintiffs of the Corps' reports. See id. at 16. It simply held that the Corps' reports "collectively indicated that erosion was permanent and irreversible." Banks, 314 F.3d at 1310.

Immediately following their assertion that the report was not "published," Plaintiffs argue that there is no evidence that the 1999 Report was ever "issued, that is, routed internally at the

Detroit District Corps [Office]." See Pls.' Br. at 2.[4] Plaintiffs are incorrect. As the parties previously informed the Court, after the report was approved by Mr. Schweiger, copies were provided to other elements of the Corps' Detroit District Office. See Joint Submission (May 7, 2007) at 3; see also, Def.'s Ex. 2 at ¶ 8. Based upon his recollection of the ordinary course of business following year-end holidays, Mr. Schweiger believes he most likely approved the 1999 Report sometime in mid-January. See Def.'s Ex. 2 at ¶ 6. Given that the preponderance of the evidence–indeed, the only evidence–regarding the date the 1999 Report issued indicates that it most likely occurred sometime in mid-January of 2000.

Although not raised in Plaintiffs' Brief, Defendant would like to address a matter previously raised by the Court. The Court suggested during a conference call with the parties on May 2, 2007, that if the exact date of the 1999 Report's issuance is uncertain, the Court might nevertheless retain jurisdiction in the interests of "judicial economy and efficiency." Federal district courts cite judicial economy and efficiency most often as a basis for asserting pendent jurisdiction over state-law claims that arise from a common nucleus of operative facts. See, e.g., United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966); Mazza v. Hendrick Hudson Cent. School Dist., 942 F. Supp. 187 (S.D. N.Y. 1996); In re Eads, 135 B.R. 387 (Bankr. E.D. Cal. 1991). However, jurisdiction cannot be premised simply upon judicial economy and efficiency where jurisdiction does not otherwise exist. See Anziulewicz v. Bluefield Community Hospital, Inc., 531 F. Supp. 49, 53 (S.D. W. Va. 1981) ("jurisdiction cannot be premised upon the existence of related actions or judicial economy or efficiency"). To the extent Plaintiffs fail

[4] Thus, despite their earlier attempt to expand the meaning of "issue" to include "public distribution," they narrowly define it to mean only "internal routing."

to meet their burden by clearly establishing that their claims are timely, there is no jurisdiction for this Court to retain. Furthermore, since the statute of limitations is a jurisdictional limit on the authority of this Court, it must be strictly construed. Frazer, 288 F.3d at 1351. Thus, the principles of judicial economy and efficiency do not provide a basis for this Court to exercise jurisdiction over the Okonski's claim. The Court should therefore dismiss the Okonski's claim for lack of jurisdiction.

Dated: May 14, 2007

Respectfully submitted,

s/ Terry M. Petrie by s/ G. Evan Pritchard
TERRY M. PETRIE
Environment and Natural Resources Division
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294
Tele: 303-844-1369
Fax: 303-844-1350
Terry.Petrie@usdoj.gov

HEIDE L. HERRMANN
G. EVAN PRITCHARD
Environment and Natural Resources Division
Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
202-305-3315 (phone)
202-305-0274 (fax)
Heide.Herrmann@usdoj.gov