# In the United States Court of Federal Claims

No. 99-4451 L
c/w 99-4453L, 99-4454L, 99-4455L, 99-4456L, 99-4457L, 99-4458L, 99-4459L, 99-44510L, 99-44511L, 99-44512L, 00-365L, 00-379L, 00-380L, 00-381L, 00-382L, 00-383L, 00-384L, 00-385L, 00-386L, 00-387L, 00-388L, 00-389L, 00-390L, 00-391L, 00-392L, 00-393L, 00-394L, 00-395L, 00-396L, 00-398L, 00-399L, 00-400L, 00-401L, 04-277L, 05-1353L, 05-1381L, 06-72L

(E-Filed: May 17, 2007)

| | | |
|---|---|---|
| JOHN H. BANKS, ET AL., | ) | |
| Plaintiffs, | ) | 99-4451 L |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |
| STONE, ERROL L. and SUSAN H. As Trustees of the Susan H. Stone Trust, | ) | |
| Plaintiffs, | ) | 04-277 L |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |
| EUGENE J. FRETT, Individually and as Trustee of the Victor J. Horvath and Frances B. Horvath Trust, | ) | |

| | | |
|---|---|---|
| Plaintiff, | ) | 05-1353 L |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| ________________________________ | ) | |

ORDER

Further to the Pretrial Conference held on Wednesday, May 16, 2007, the court orders the following:

1. Fed. R. Evid. 615 Exclusion of Witnesses. The parties have requested, as they are entitled to under the Federal Rules of Evidence, that the witnesses be excluded from the courtroom so that each witness can give his or her testimony fresh without being distracted by others' testimony. The court orders that until the trial concludes, which time the witnesses can learn from counsel, that the parties instruct the witnesses not to discuss their testimony with anyone who either is or could conceivably be a witness. If the witnesses have any question about who could be a witness, they may ask counsel. Experts and the parties' representatives may attend all portions of the trial, but may not discuss evidence with anyone who either is or could conceivably be a witness. Counsel may not communicate to a witness the testimony of another witness.

2. Defendant's Motions in Limine to Exclude the Testimony of Twenty-Three of Plaintiffs' Forty-Nine Witnesses. For the reasons stated at the Pretrial Conference and based on the parties' briefing and argument, the court makes the following orders with respect to defendant's motions in limine before the court: defendant's motion to exclude Stephen P. Blumer's testimony is DENIED. Defendant's motion to exclude R.J. Burkholz's testimony is DENIED provided defendant is afforded an opportunity to depose or interview Mr. Burkholz before he testifies. Defendant's motions to exclude testimony by Tom O'Bryan, Carl Platz, and Wayne Schloop are DEFERRED; one of these individuals, selected by plaintiff, may testify at trial provided defendant is afforded an opportunity to depose or interview the individual before he testifies. Defendant's motion to exclude David L. Schweiger's testimony is DENIED. Defendant's motion to exclude Gary W. Segrest's testimony is GRANTED. Defendant's motion to exclude Congressman

Fred S. Upton's testimony is GRANTED. Defendant's motion to exclude Stephen E. Davis's testimony is GRANTED. Defendant's motion to exclude Charles W. Shabica, Ph.D.'s testimony is DEFERRED to the time of trial. Defendant's motion to exclude Richard A. Voss's testimony is DENIED. Defendant's motions to exclude testimony by Bruce A. Ebersole, Larry LaValley, Gary Mannesto, Richard Wolf, David Folger, David Foster, James Houston, Larry Parson, and Randall Schaetzl are MOOT because plaintiffs withdrew those individuals from their witness list. Defendant's motions to exclude testimony by Don Ames, Martin R. Jannereth, and Kevin A. Kasischke are MOOT because defendant withdrew its motions to exclude testimony from those individuals.

3. Defendant's Objections to Plaintiffs' Exhibits. Defendant objected to plaintiffs' exhibits numbers 66, 67, and 73 because plaintiffs had not yet provided copies of the exhibits to defendant. Plaintiffs stated at the Pretrial Conference that copies would be sent to defendant. Transcript of Pre-Trial Conference held on May 16, 2007 (Tr.) 100:12-103:16.

Defendant objected to a number of plaintiffs' exhibits because plaintiffs had provided to defendant only a part of the exhibits. Defendant's objection to exhibit number 1 is MOOT because plaintiffs withdrew that exhibit. Defendant's objections to exhibits numbers 59, 119, 121, 123, and 124 are MOOT because defendant withdrew its objections to those exhibits. Defendant's objection to exhibit number 129 was DEFERRED to permit defendant additional time to read the copy of the exhibit that defendant had retrieved from a website before determining if defendant would like to have additional portions of the document offered into evidence. Tr. 105:5-14. Defendant shall have up until the beginning of the presentation of its case at trial to move to add additional portions of the document to its list of exhibits. Defendant's objections to exhibit numbers 25 and 38 are DEFERRED. Defendant shall brief on or before Tuesday, May 22, 2007 and plaintiffs shall respond on or before Thursday, May 24, 2007. The parties' briefing shall address the questions of whether, when a document is generated by an office of the United States and a portion of the document is proffered by a plaintiff, there exists any authority for either (1) requiring the United States to produce the complete document, or (2) permitting the plaintiff to introduce a portion of the document without providing defendant with the complete document after being requested by defendant to provide the complete document. Defendant's objections to exhibit numbers 44, 90, 99 are MOOT because plaintiff agreed to send to defendant the complete documents for those exhibits. Defendant's objections to exhibit numbers 108, 109, 110, and 111 are DEFERRED while the parties pursue their contacts to obtain the complete document of which those exhibits are portions. Defendant's objections to exhibit

numbers 105 and 106 are DEFERRED while defendant awaits delivery of plaintiffs' packages previously sent and containing the complete documents of which those exhibits are portions. Defendant's objection to exhibit number 133 is now MOOT because the court has ordered plaintiff to send a copy of the complete document to defendant if defendant cannot locate its own copy on or before Tuesday, May 22, 2007. Tr. 136:8-25.

With regard to plaintiffs' summary exhibits, plaintiffs shall organize its photographs into binders. Each photograph shall be numbered and the binder shall contain or be accompanied by the following information: the name of the photographer, the approximate date and time that the photograph was taken, and a description of what the photograph purports to show. These binders shall be sent to defendant no later than Friday, May 25, 2007. For summary exhibit number 1 (the Ehret photographs), plaintiff may include no more than forty photographs. For summary exhibit number 2 (the Selegean photographs), plaintiff may include no more than twenty photographs. Summary exhibit number 3 presently includes some 101 photographs. The court reminds the parties that any exhibit and/or any portion of an exhibit the import of which with respect to one or more issues in the case is not specifically pointed out by a witness at trial may be disregarded by the court in its determination of the case. "Specifically pointed out" means specific mention, with reference to an exhibit number, and to one or more specific page numbers within, or otherwise identifiable portion of, the exhibit, together with an indication of how the evidence supports or disproves a fact in issue. "Specifically pointed out" shall not include mention for the first time in post-trial briefing. Plaintiffs' proposed summary exhibit 4, newspaper articles, will not be admitted as a summary exhibit. Any items included in proposed summary exhibit 4 will be received into evidence only if the introduction is made in compliance within the Federal Rules of Evidence.

Defendant's objection to plaintiffs' exhibit number 11 is SUSTAINED.

4. Site Visit. The court and the parties shall meet at 10:00 a.m. EDT on Sunday, June 3, 2007 at the Coast Guard Station in St. Joseph Harbor to begin the site visit. The schedule for the site visit shall follow the parties' Joint Proposed Itinerary for Site Visit.

5. Parties' Proposed Trial Schedule. On or before Wednesday, May 23, 2007, the parties shall file with the court their joint proposed trial schedule. The parties shall allot time on the morning of Monday, June 4, 2007 for the parties' opening arguments. Neither party's opening argument shall exceed one hour. The court and

parties are scheduled to have access to the courtroom Monday through Friday from 8:00 a.m. to 5:30 p.m. EDT. The parties will be able to keep their exhibits and/or other documents in the courtroom overnight during the trial.

6. Post-Trial Briefing. The parties shall simultaneously file their opening briefs on or before the first business day that occurs nineteen days after the last day of trial, currently scheduled to be Friday, July 6, 2007. The opening briefs shall not exceed fifty pages and shall not contain any attachments of transcripts or exhibits. The parties shall simultaneously file their response briefs on or before the first business day that occurs thirty-one days after the last day of trial, currently scheduled to be Wednesday, July 18, 2007. The response briefs shall not exceed twenty pages and shall not contain any attachments of transcripts or exhibits.

7. Other Issues. The court notes that, if defendant is found liable in this proceeding, future court proceedings will be conducted in order to determine plaintiffs' property ownership and damages.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge