**U.S. Department of Justice**

Environment and Natural Resources Division

Terry *M. Petrie, Attorney*
*Denver Field Office*
***1961 Stout Street, 8th Floor***
***Denver, CO 80294***

*Telephone (303) 844-1369*
*Facsimile (303) 844-1350*

November 8, 2007

**BY E-MAIL** – jbehret@covad.net

John Ehret, Esq.
5986 Dunham Avenue
Stephensville, MI 49127

RE: Banks, et al. v. United States, No. 99-4451 L

Dear John:

I write for several reasons.

1. Thank you for meeting today with Gary Segrest, Don Erwin, and myself. I appreciated the chance for us to share how we viewed, respectively, different approaches to calculate damages. I found the time useful even though, no surprise, we disagreed on several matters.

2. I write also to respond to your November 8 letter you sent me today by email after we concluded our meeting.

A. REDACTED. RULE 408.

B. Your letter also provides comments about some of the matters we discussed and characterizes whether we agreed or not. I note this because you apparently misunderstood my comment about interest when you state that "[w]e agree that interest is due on out-of-pocket expenses (rentals, shore protection, houses, water wells and other structures, etc.)" See paragraph 1 of your letter. I made my comment about interest strictly in the context of applying an interest rate to the diminished value of properties for which the Corps of Engineers is responsible.

My remark was not made with respect to that type of damages your clients intend to assert for out-of-pocket expenses.

C. You ask about the interest statute I mentioned during our meeting. See paragraph 11 of your letter. The statute is the Declaration of Takings Act which provides for the award of interest as part of just compensation, and specifies that such interest be calculated using the average auction price for 52-week United States Treasury Bills during the appropriate period, compounded annually. 40 U.S.C. § 258e-1.

D. As I suggested during our meeting, you mention the idea of asking for a conference call with Judge Hewitt to discuss our different opinions about the sandy versus cohesive issue as a feature of determining damages. See paragraph 12 of your letter. I continue to think we should and ask that you call me after your medical appointment this coming Monday. I wish you well for the appointment.

3. Lastly, I write to ask that you provide me the names of each owner for each parcel of land and the date(s) of ownership for which you intend to seek damages. See Banks v. United States, 78 Fed. Cl. 603, 616 (2007) ("[f]or reasons of efficiency, the court has left the questions of specific property ownership and damages to be determined after trial of causation"). Both pieces of information are important; the former to establish the required element that a plaintiff possess a cognizable property interest that has been taken and the latter to assist in calculating damages for which the formula established by the Court depends upon. I appreciate in advance your assistance in providing this information.

Sincerely,

Terry M. Petrie

Terry M. Petrie
Trial Attorney

cc: Gary Segrest (by email)
Don Erwin (by email)



Exhibit 1
Defendant's Status Report