**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| JOHN H. BANKS, et. al.<br>Plaintiffs,<br>v<br>THE UNITED STATES OF AMERICA<br>Defendant. | ) | NO. 99-4451 L<br>Judge Emily C. Hewitt |
| EUGENE J. FRETT, Individually and as Trustee of the Victor J. Horvath and Frances B. Horvath Trust,<br>Plaintiffs,<br>v.<br>THE UNITED STATES,<br>Defendant. | ) | No. 05-1353 L |

**PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT STATUS REPORT**

On December 19, 2007 Plaintiffs' Status Report was filed. Defendant's December 20, 2007 Status Report took the liberty of commenting on Plaintiffs' Report.

Plaintiffs hereby move for leave to supplement their 12-19-07 status report so as to comment on defendant's proposal for determination of property losses (sand loss). The Supplemental Status Report is included for ready reference.

**SUPPLEMENTAL STATUS REPORT**

**TAKING IS SPOLIATION**

1. The defendant/spoliator, who has been found liable for taking private property landward of the high water mark (OHWM), now wants to foist upon the judicial process a tediously cumbersome effort to measure that very property which it has destroyed or disposed

of by its own continuing activity.

2. The OHWM for private property is obviously lakeward of the permit line established by the defendant's own permit records.

3. The best evidence of sand loss to each plaintiff is based on his or her own recollection, photographs, appraisals, etc. listed in PLAINTIFFS' ANSWERS TO DEFENDANT'S 2ND SET OF INTERROGATORIES provided again in Trial Summary Exhibit 5d. An appropriate sanction for the defendant/spoliator would be for the Court to accept the calculations which have been available to defendant since July 16, 2001 — over six years.

4. Alternatively, the liability Trial Summary Exhibit 5c lists the individual plaintiffs' underestimate of sand supply amounts never received but most authoritatively calculated by the defendant/spoliator in Plaintiffs' Trial Exhibit PX 132 — Feb 1958 Berrien County Beach Erosion Control Study — Major General E. C. Itschner (12-8-57) prepared by the Detroit District Corps of Engineers. This document is an admission against interest by the defendant.

5. According to the defendant/spoliator's calculations in the Control Study, the basic loss of sand is 25,000 cy/mile/year in Berrien County (Shoreham) which amounts to 4.73 cy/ft/yr (25,000 cy/mile/yr divided by 5,280 ft/mile equals 4.73 cy/ft/yr.). This amounts to 113,000 cy/yr in the 4.52 mile plaintiffs' zone. (4.73 cy/ft/year times 4.52 miles times 5280 ft/mile equals 113,000 cy/yr.)

6. In PX Summary 5c, Ehret used 4 cy/ft/yr and stopped counting years in 2005. This resulted in 745,540 cy total loss compared to about 500,000 cy total as reported in PX Summary Exhibit 5c cover letter dated April 3, 2006. (Actually Summary PX 5c totals 578,837 but needs correction by adding O'Konski, Bodnar and Horvath, subtracting Walsh and adjusting to current time.)

7. The Court has inherent power to sanction spoliation of evidence. The latitude is tempered by the requirement that the sanction "must be specifically related to the particular claim at issue." Insurance Corporation of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707 (1982). In this case the spoliated evidence is that which has been taken — the most specific relationship possible.

8. "A federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence." Glover v. B.I.C. Corp., 6 F3d 1118, 1329 (9th Cir. 1993).

9. Plaintiffs argue that the defendant/spoliator has acted intentionally, in an anti-constitutional, anti-environmental , anti-due process , and unnecessary manner. It continues to show every indication of continuing the taking/spoliation, so as to burden the Court with extensive tedium which is not even the major component of the overall damages compilation presented in Plaintiffs' Status Report.

10. This is probably the first case where the spoliated evidence is one and the same with the cause of action in a matter of constitutional rights.

Dated: January 4, 2008

Respectfully submitted,

By: s/John B. Ehret
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I, John B. Ehret, an attorney, hereby certifies that on January 4, 2008 I electronically filed Plaintiffs' Motion for Leave to Supplement their 12-19-07 Status Report with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following persons listed:

Eugene J. Frett, Esq
SPERLING AND SLATER P.C.
55 West Monroe Street
Suite 3200
Chicago, IL 60603
Telephone: 312.641.3200
Fax: 312.641.6492
gfrett@sperling-law.com

Heide L. Hermann
G. Evan Pritchard
Environmental and Natural
Resources Division
U. S. Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202.305.3315
Fax: 202.305.0274
Heide.Hermann@usdoj.gov

Terry M. Petrie
Environmental and Natural Resources Division
U. S. Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294
Telephone: 303.844.1369
Fax: 303.844.1350
Terry.Petrie@usdoj.gov

s/John B. Ehret
John B. Ehret
Attorney for Plaintiffs
20860 Greenwood Drive
Olympia Fields, IL 60661
Telephone: 708.748.8975
Email: jbehret@covad.net