**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **JOHN H. and MARY E. BANKS, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | ) | **No. 99-4451 L**<br>**Judge Emily C. Hewitt** |
| **EUGENE J. FRETT, Individually and as trustee of the Victor J. Horvath and Frances B. Horvath Trust, and**<br><br>**DONNA P. FRETT,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | ) | **No. 05-1353 L**<br>**Judge Emily C. Hewitt** |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS'**
**MOTION FOR LEAVE TO SUPPLEMENT STATUS REPORT**

Defendant respectfully submits this opposition to "Plaintiffs' Motion for Leave to Supplement Status Report." (Hereinafter, "Plaintiffs' Motion"). Plaintiff purportedly "moves for leave to comment on defendant's proposal for determination of property losses (sand loss)." Plaintiffs' Motion at 1. Defendant opposes Plaintiffs' Motion for two reasons.[1/]

[1/] Defendant's opposition to Plaintiffs' Motion does not spring from what would be a misplaced and misguided notion of tactical advantage. In Defendant's Status Report, we proposed a straightforward course of action, in keeping with customary practice for litigating damages, that is subject – in any event – to the Court's assessment and decision about how best to proceed. Rather, Defendant's concern, as expressed below, is that Plaintiff uses an additional pleading in a manner that could suggest an abuse of process.

First, and foremost, plaintiffs elected to forego the opportunity to comment upon defendant's proposal at the time counsel for plaintiffs' filed its status report on December 19, 2007. Plaintiffs had already viewed a draft of defendant's proposed joint status report the day before on December 18, 2007. See Defendant's Status Report at 1. Docket #252. See also Defendant's Exhibit 1 (a copy of a December 18, 2007, email between Terry Petrie and John Ehret and of the attached draft proposed joint status report). The contents of the Defendant's Status Report and the draft proposed joint status report show that the two are virtually identical substantively. Thus, counsel for plaintiffs had the chance, and apparently declined, to comment upon defendant's proposal for determination of property losses when the initial Plaintiffs' Status Report was filed the next day. Plaintiffs' Motion should be denied for that reason alone.

Two, the contents of Plaintiffs' Motion suggest a different reason for filing a supplement to Plaintiffs' Status Report. Plaintiffs' supplemental status report, in fact, actually provides little comment about defendant's proposal for determination of property loss. Instead, plaintiffs – under the representation of responding to defendant's proposal (for which they already had passed on the opportunity) – provide an additional new, and unusual, argument about a spoliation theory which was not advanced in plaintiff's initial status report.

Defendant respectfully requests the Court deny Plaintiffs' Motion and disregard the supplemental status report included with it.

Dated: January 17, 2008

Respectfully submitted,

*s/Terry M. Petrie*
TERRY M. PETRIE
Environment and Natural Resources Division
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294
Tele: 303-844-1369
Fax: 303-844-1350
Terry.Petrie@usdoj.gov

Attorney for Defendant

OF COUNSEL:

Gary W. Segrest, Esq.
Don Erwin, Esq.
Office of Counsel
U.S. Army Corps of Engineers
477 Michigan Avenue, Room 659
Detroit, MI 48226

**CERTIFICATE OF SERVICE**

I certify that I have served a copy of the "**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT STATUS REPORT**" by Electronic Court Filing on the 17th day of January, 2008 on:

John Ehret, Esq.
20860 Greenwood Drive
Olympia Fields, IL 60461

Counsel for *Banks* Plaintiffs

****************

Eugene J. Frett, Esq.
Sperling & Slater, P.C.
55 West Monroe Street
Suite 3200
Chicago, Illinois 60603

Counsel for *Frett* Plaintiffs

****************

s/Terry M. Petrie
Terry M. Petrie