**Petrie, Terry (ENRD)**

| | |
|---|---|
| **From:** | Petrie, Terry (ENRD) |
| **Sent:** | Tuesday, December 18, 2007 10:43 AM |
| **To:** | jbehret@covad.net |
| **Subject:** | Banks -- Draft Joint Status Report |
| **Attachments:** | Draft A.Status Report.Damages Proceedings.12-18-07.wpd |

John,

Greetings on the Season to you and Mrs. Ehret.

In response to the Court's order filed last Friday, December 14, I have attached a draft of the required status report. Hopefully, we can agree in good part, if not all, to what the parties want the Court to consider for a schedule of events. I will also send this to you by facsimile. Please feel free to call me to discuss if it will facilitate our exchange of ideas.

I have several other thoughts I would ask you to consider as you review this draft. As you know, the Court requires we file a report this Thursday, December 20. If we sense that we cannot file a status report in which we agree to everything, it behooves us to reach that conclusion sooner rather than later. We could, in that event, still conceivably file a "joint" report in which we set forth our respective outlook on different points. Please let me know what you think in this regard so we can use our time as efficiently as possible. Too, you will note I left blank the dates for which the parties suggest certain events occur by. I certainly welcome any dates you would propose that I consider to see if we can agree on what we would suggest to Judge Hewitt.

Thanks.

Regards,

Terry

Draft A.Status
Report.Damages ...

**DRAFT A**
**December 18, 2007**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **JOHN H. and MARY E. BANKS, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **No. 99-4451 L**<br>**Judge Emily C. Hewitt** |
| **EUGENE J. FRETT, Individually and as trustee of the Victor J. Horvath and Frances B. Horvath Trust, and**<br><br>**DONNA P. FRETT,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | **No. 05-1353 L**<br>**Judge Emily C. Hewitt** |

**JOINT STATUS REPORT**

The parties respectfully submit this Joint Status Report pursuant to the Court's Order filed December 14, 2007 to report upon the "[a]dditional proceedings necessary to resolve the remaining issues in this matter." After the Court issued its September 28, 2007, decision on liability,[1] the parties met in St. Joseph, Michigan, on November 8, 2007, in an effort to discuss issues and share how we viewed, respectively, different approaches to calculate damages. The

[1] Banks v. United States, 78 Fed. Cl. 603 (2007).

**DRAFT A**
**December 18, 2007**

Court's decision lays out a host of factors that need to be considered, e.g., plaintiffs' burden to establish ownership; a calibrated approach to determining damages based, in part, on when an individual plaintiff obtained ownership; different formulations based upon whether the damages to the property occurred before 1970 (but not earlier than 1950) or after 1970; whether the shoreline for a plaintiff's property is considered sandy or cohesive for damages that occurred after 1970; an allowance for the United States Army Corps of Engineers' mitigation efforts after 1970; and reasonably foreseeable future loss. Banks, 78 Fed. Cl. at 616, 654-57.

The picture portrayed by this array of factors alone becomes more complicated when we consider evidentiary matters for determining the amount of property lost. The plaintiffs present a variety of different circumstances: for example, some plaintiffs appear to have lost the entirety of their property, some plaintiffs have sold their property since the onset of litigation, and some also claim loss and damage to structures and loss of rental income. Because plaintiffs bear the evidentiary burden of establishing the ordinary highwater mark (OHWM) for when a plaintiff purchased his/her property, these circumstances illustrate the importance of adducing the evidence that establishes the amount of lost property in light of the Court's liability decision. Banks, 78 Fed. Cl. at 606-07, citing Banks v. United States, 71 Fed. Cl. 501, 506 (2006) (describing the role in which the OHWM plays in determining amount of property lost).[2] The Court's liability decision appears to add another piece of evidence needed to establish, or assist, in determining the amount of property lost for which a plaintiff can receive just compensation

---

[2] During discovery in the liability phase, defendant attempted to ascertain what evidence plaintiffs may proffer of a OHWM at the time contemporaneous with purchase of their property.

**DRAFT A**
**December 18, 2007**

based upon whether it was lost before or after 1970. Conceivably the plaintiff who purchased his/her property before 1970 needs to establish not only the OHWM at the time of purchase but also demonstrate – because a different formulation applies for losses after 1970 – where the OHWM existed in 1970. Presumably the same evidentiary benchmark applies for when the claims accrued in 2000 (see Banks, 78 Fed. Cl. at 605, 606)[3] or, alternatively, when a plaintiff sold his/her property. The 2000 iteration of what the OHWM evidence establishes bears at least in part on how much a plaintiff is entitled to for future prospective damages. Both parties will need to address and identify the evidence that these iterations of the OHWM will establish, defendant through discovery and plaintiffs in order to carry their burden of proof.

The parties' discussions on November 8 also surfaced different thoughts about how to interpret the Court's liability decision. For example, the parties disagree upon the import of the Court's decision regarding whether the shore line is sandy or cohesive. In short, plaintiffs believe that they may adduce additional evidence to establish that the shoreline for any given individual parcel is cohesive. Defendant, by contrast, believes the Court has already ruled upon that issue by considering and adopting the findings of its expert witnesses, Drs. Grahame Larson and Robert Nairn. Other differences of interpretation may well exist.

With the foregoing in mind, the parties respectfully request the Court issue a scheduling order that includes the following:

1. If the Court desires briefing on the issue of cohesive versus sandy (as described above) or

---

[3] The parties note though that uncertainty still remains about the precise date of accrual of plaintiffs' claims. See Banks, 78 Fed. Cl. at 606-07 n.6 .

**DRAFT A**
**December 18, 2007**

any

other issues that the parties believe helpful to facilitate the damages determination, that the parties identify those issues by _____ and file opening briefs on ____ and responsive briefs on _______.

2. Fact discovery for damages-related issues be completed by ___________.

3. Expert reports be exchanged on __________________.

4. Rebuttal expert reports be exchanged on ___________________.

5. Expert discovery be completed by _________________.

6. Counsel for the parties and the experts meet no later than ______ to see if the differences in their positions can be narrowed.

7. Counsel for the parties meet in person to discuss settlement no later than __________.

8. The Court conduct a pre-trial conference at a time of its convenience after the parties meet to discuss settlement.

Dated: December _, 2007 Respectfully submitted,

**DRAFT A**
**December 18, 2007**

**CERTIFICATE OF SERVICE**

I certify that I have served a copy of the "**JOINT STATUS REPORT**" by Electronic Court Filing on the __ day of December, 2007 on:

John Ehret, Esq.
20860 Greenwood Drive
Olympia Fields, IL 60461

Counsel for *Banks* Plaintiffs

****************

Eugene J. Frett, Esq.
Sperling & Slater, P.C.
55 West Monroe Street
Suite 3200
Chicago, Illinois 60603

Counsel for *Frett* Plaintiffs

****************

s/Terry M. Petrie
Terry M. Petrie