**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **JOHN H. and MARY E. BANKS, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | ) | **No. 99-4451 L**<br>**Judge Emily C. Hewitt** |
| **EUGENE J. FRETT, Individually and as trustee of the Victor J. Horvath and Frances B. Horvath Trust, and**<br><br>**DONNA P. FRETT,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | ) | **No. 05-1353 L**<br>**Judge Emily C. Hewitt** |

DECLARATION OF JAMES SELEGEAN

In accordance with 28 U.S.C. §1746, I, James Selegean, declare as follows:

1. I am James Selegean, and I am a Hydraulic Engineer for the Detroit District, U.S. Army Corps of Engineers. I have been in that position for 16 years, and have worked in the Great Lakes Hydraulic and Hydrology Office that entire time.

2. I have made a review of the permit and permit application files of the U.S. Army Corps of Engineers, Detroit District, for all shore protection structures and/or work to be constructed or

performed along the eastern shoreline of Lake Michigan from the south harbor structure at St. Joseph, Michigan to the Grand Mere lakes, approximately 8 miles south of St. Joseph, Michigan. This area includes all of the shoreline property identified as owned by the plaintiffs in this matter.

3. This review revealed 230 permit/permit application files, some as old as 1916 and others as recent as 2008, and consisted of approximately 4,400 pages of material reviewed over approximately 60 hours. I reviewed these files looking for any and all soil boring information, or use of any stratigraphy, that would have been provided by the applicant(s) as part of the construction of shore protection or other work performed along the shoreline.

4. The work noted in these files included the construction and/or placement of rip rap, sand traps, groins, rock wall & boulder revetments, wooden bulkheads, grout filled geo-bags, sand filled geo-bags, "Z" walls of various construction material, steel sheet pile bulkheads, vinyl pile bulkheads, and pre-cast concrete blocks.

5. Additionally, I noted permit and permit applications with design and/or construction plans and drawings from twenty (20) different design, engineering and/or construction firms.

6. My review revealed that of 230 permit/permit application files only 3 contained evidence of soil borings or an indication that soil borings would be conducted as part of the work or construction along the shoreline. Those files were for the construction of the Chesapeake and Ohio (C & O) Railroad revetment, the Michigan Department of Transportation revetment, and Mr. Ehret's recent application to conduct soil borings on plaintiffs' shorelines. No evidence of the use of soil borings or stratigraphy was discovered for the construction of residential shore protection projects along any stretch of the subject shoreline.

DECLARATION IN ACCORD WITH 28 U.S.C. § 1746

I declare under penalty of perjury that the foregoing declaration is true and correct to the best of my knowledge, information and belief.

Executed on: 14 July 2008

JAMES SELEGEAN