**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| JOHN H. and MARY E. BANKS, et al.<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 99-4451 L<br>Judge Emily C. Hewitt |
| EUGENE J. FRETT, individually and as Trustee of the Victor J. Horvath and Frances B. Horvath Trust, and<br><br>DONNA P. FRETT,<br><br>Plaintiffs,<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 05-1353L<br>Judge Emily C. Hewitt |

**PLAINTIFFS' REPLY IN SUPPORT OF**
**PLAINTIFFS' DAMAGES TRIAL MEMORANDUM**

Mark E. Christensen
Christensen & Ehret, LLP
222 West Adams, Ste. 2170
Chicago, IL 60606
(312) 634-1014
(312) 634-1018 Fax

John Ehret, Esq.
5986 Dunham Ave.
Stevensville, MI 49127
(269) 465-5857
(269) 465-3736 - Fax

Eugene J. Frett, Esq.
Sperling & Slater, P.C.
55 West Monroe Street, Ste. 3200
Chicago, IL 60603

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ........................................................................(ii)

INTRODUCTION ........................................................................................ 1

I. THE LAW OF THE CASE DOCTRINE DOES NOT APPLY..................4

II. ALTERNATIVELY DEPARTURE FROM THE LAW OF THE CASE DOCTRINE, OR THE GRANTING OF A MOTION FOR RECONSIDERATION IS FULLY SUPPORTED..........................................8

CONCLUSION............................................................................................11

LIST OF EXHIBITS......................................................................................13

# TABLE OF AUTHORITIES

**U.S. v. Dickinson,** 331 U.S. 745; 67 S. Ct. 1382, 91 L.E.d 1789 (1947)..............1, 3, 9

**Banks v. United States,** 314 F.3d 1304, 1310 (Fed. Cir. 2003)..............................1, 5, 6

**Jamesbury Corp. v. Litton Industrial Products, Inc.**, 839 F.2d 1544, 1550 (Fed. Cir. 1988) *reversed in part on other grounds by* **A.C. Aukerman Co. v. R.L. Chaides Const. Co.,** 960 F.2d 1020, 1038-39 (Fed. Cir. 1992) (*en banc*) ..................5, 9

**Rite-Hite Corp. v. Kelly Co. Inc.,** 53 F.3d 1538, 1554 n.12 (Fed. Cir. 1995)............5

**Independence Park Apartments v. United States,** 1 Fed. Cl. 692, 699 (2004) *reversed on other grounds*, 449 F.3d 1235 (Fed. Cir. 2006) ....................................5

**Intergraph Corp. v. Intel Corp.,** 253 F.3d 695, 698 (Fed. Cir. 2001).................. ...9

## INTRODUCTION

Plaintiffs have filed a Trial Memorandum on Damages addressing the single question of the nature and scope of the evidence permitted and required to calculate their takings damages at the damages phase of the bifurcated trial. In Section IV of that Memorandum, plaintiffs outlined the categories of proof for which evidence will be proffered, in accordance with the takings jurisprudence that has developed under the Fifth Amendment. In particular, the United States Supreme Court in *U.S. v. Dickinson*, 331 U.S. 745, 67 Ct. 1382, 91 L.E.d 1789, (1947), has identified several recoverable categories of takings damages: (i) the value of the land taken – "for all that the Government takes it must pay"; (ii) injury to the land not taken - "when the part not taken is left in such shape or condition as to be in itself of less value than before, the owner is entitled to additional damages on that account"; and (iii) reasonably foreseeable future damages – "if the resulting erosion which, a practical matter, constituted part of the taking was in fact preventable by prudent measures, the cost of that prevention is a proper basis for determining the damage…". *Id.* 331 U.S. at 750-751.

This Court in its September 28, 2007 liability opinion sets forth two alternative formulas for determining the first component of damages outlined in *Dickinson*, i.e., what was taken. Evidence concerning the amount of that taking, the value of the land not taken, the cost of shore protection to prevent future erosion, and the foreseeable future damages which shore protection will not prevent, necessarily requires evidence of the current composition of the shoreline. The Court expressly stated that such damages evidence was "outside the scope of a trial focused solely on liability." *Banks v. United States*, 78 Fed. Ct. 603, 647-648 f. 72 (September 28, 2007).

At issue now is the scope of the evidence of "the actual lakeshore/lakebed profile for each Plaintiff's property." Plaintiffs' Memorandum, Section IV(3), pp. 6-7. To place this issue in context, and as discussed in Plaintiffs' Memorandum, the Court held that the government's mitigation efforts to prevent shoreline erosion were ineffective in whole or part. As a result, the natural lakeland/shoreline profile has necessarily been altered by the Defendant's conduct. Further, the issue of the current shoreline composition for each Plaintiff who has suffered a taking under the Fifth Amendment without just compensation remains undetermined. And finally, Dr. Graham Larson's testimony concerning only *natural* and *historic* lakeshore erosion was not competent evidence regarding the *current unnatural* lakeshore profile post-taking.

Defendant's Response to Plaintiffs' Trial Memorandum sets forth two arguments in opposition to Plaintiffs' position:

> First, that the law of the case doctrine precludes relitigation of the shoreline profile for each individual plaintiff; and
>
> Second, that assuming the first proposition is true, Plaintiffs have failed to meet the threshold requirements to justify an exception to that doctrine or support a motion for reconsideration.

In support of its arguments, Defendants rely on the Court's comments at the January 19, 2007 pretrial status conference, selective excerpts from the Court's September 28, 2007 opinion, *post liability* trial correspondence of John Ehret dated October 24, 2007, and amazingly (given that Defendant is arguing that the proofs have been permanently closed), new declarations of David Wolf and James Selegan.[1]

---

[1] Defendant's submission of two declarations of purported experts, in response to a legal memorandum requested by the Court, is improper, and a blatant attempt to precondition the Court to Defendant's perspective of damages. The declarations should be disregarded by this Court. Their presence puts the Plaintiffs in an untenable position of having to

Defendant's arguments fail on several levels. For the law of the case doctrine to apply, there must be a prior decision explicitly on point based upon competent evidence which conclusively addresses the question at issue. Defendant's expansive reading of the Court's previous ruling regarding the government's mitigation efforts, stretches the scope of that ruling to have virtually *res judicata* effect for each individual Plaintiff. This is inappropriate under the case law. In fact, there has been no explicit and conclusive judicial finding as to the actual and current lakeshore composition (or resulting damages) as to any particular Plaintiff.

What the Court did in addressing Defendant's mitigation argument is rule *generally* that the shoreline for most of the plaintiffs is likely sandy, rather than cohesive, so that for those plaintiffs who *in fact* reside on a sandy shoreline, Defendant's mitigation efforts must be taken into account. This generalized ruling does not and could not preclude an individual Plaintiff from now offering evidence of her or his current and actual shoreline composition to prove up their damages under either of the Court's two-track (cohesive v. sandy) formulas for damages calculations, as the Court expressly affirmed in its liability decision. *Id.* 78 Fed.Cl. at 628. ("If, *in further proceedings*, some *or all* of a plaintiff's property is determined to lie in the northernmost zone characterized by Dr. Nairn and Dr. Larson in their expert reports as not predominantly sandy, the erosion damage to such property will be analyzed as damage to a cohesive shore." (emphasis supplied)). Nor does the Court's ruling even touch on the Plaintiffs' respective rights to seek additional items of damage authorized by *Dickinson* and its progeny..

---

depose the declarants, and hire opposing experts to prevent the Court from accepting their assertions at face value. There is no rule of civil procedure requiring Plaintiffs to pre-try their damages case in a legal brief with competing expert affidavits. For these reasons, Plaintiffs have filed contemporaneously a Motion to Strike the Declarations.

In short, the Court declined to draw a bright line and make rulings on individual Plaintiff's properties as to whether they were on a sandy or cohesive shoreline. If each Plaintiff is able to show that her or his shoreline composition is cohesive, and that the northern most point for a sandy composition is actually Grand Mere State Park, which is south of all of the Plaintiffs' properties, that result would in no way contravene the law of the case doctrine.[2]

Moreover, a review of the record as to the actual testimony proffered by Dr. Larson, which is the lynchpin of Defendants' evidence, shows that Dr. Larson offered no competent evidence of the *current* shoreline composition. Plaintiffs' Memorandum pp.7-16. The government's brief is notably silent on this specific contention, merely claiming Plaintiffs are rehashing arguments. Instead of addressing the glaring deficiency in Dr. Larson's testimony, Defendant builds its law of the case argument on an overly expansive reading of the Court's ruling, coupled with non-existent evidence.

Finally, even assuming that the Defendant's first argument is correct, to prevent the individual Plaintiffs from introducing evidence of the lakeshore composition of their respective properties would result in a manifest injustice in this case, justifying the Court's allowance of the evidence.

## I. <u>THE LAW OF THE CASE DOCTRINE DOES NOT APPLY</u>

With selective and incomplete quotes from various cases, Defendant claims that the law of the case doctrine prevents individual Plaintiffs from submitting evidence of

---

[2] The Government's position seeks to treat Plaintiffs as a class, which is improper since this Court refused Class Certification. See, Order of October 14, 1999, attached as Exhibit A On the contrary, each Plaintiff's damages are separate, as this Court has consistently stated.. See, e.g., transcript from January 19, 2007 hearing, p. 71 ("[T]he question of damages is specific to the individual plaintiff, individual property owner.")..

their shoreline profile at the damages phase of the trial. Defendants' Response pp. 5-7, 17-19. While the Defendants' Response strings together a series of quotes, it does not explicitly set forth the actual elements of the doctrine. The law of the case doctrine requires an appeal and a decision of the federal appeals court before the constraints of the doctrine are applied on remand in the same case.[3] The doctrine is much more flexible when no final judgment has been entered at the trial court level. The United States Court of Appeals for the Federal Circuit explains:

> When a judgment of a trial court has been appealed, the decision of the appellate court determines the law of the case, and the trial court cannot depart from it on remand. At the trial level however, the law of the case is "little more than a management practice to permit logical progression toward judgment."

*Jamesbury Corp. v. Litton Industrial Products, Inc.*, 839 F.2d 1544, 1550 (Fed. Cir. 1988), *rev'd in part on other grounds by A.C. Aukerman Co. v. R.L. Chaides Const. Co.,* 960 F.2d 1020, 1038-39 (Fed. Cir. 1992)(*en banc*). Furthermore,

> Importantly, the doctrine applies only when a prior decision in the case was explicitly on point and conclusive addressed the question at issue. *Rite-Hite Corp. v. Kelly Co. Inc.*, 53 F.3d 1538, 1554 n.12 (Fed. Cir. 1995); *Jamesbury Corp.*, 839 F.2d at 1550.

*Independence Park Apartments v. United States,* 61 Fed.Cl. 692, 699 (2004) *reversed on other grounds*, 449 F.3d 1235 (Fed. Cir. 2006).[4]

---

[3] As an example, the Federal Circuit's holding that the Plaintiffs' lawsuits were timely filed because accrual of their claims did not occur until the United States' admissions in the Corps' 1996, 1997, and 1999 reports that (notwithstanding mitigation efforts) "erosion was permanent and irreversible," is the law of this case. *Banks v. United States,* 314 F.3d 1304, 1310 (Fed. Cir. 2003).

[4] This Court previously recognized the requirement of appellate review as the triggering element of the doctrine. "The law of the case doctrine has established that "[w]hen a case has been once decided by [a Superior court,]....[t] he [lower court] is bound by the decree

The Defendant contends that because its natural and historic geological evidence was generally considered by the Court at the liability phase of the trial-- to ascertain the effectiveness of the government's efforts to mitigate its taking-- that this should bar any individual Plaintiff from presenting evidence of his or her current shoreline composition in calculating any and all available damages in the damages phase of the trial. Defendants' Response pp. 9-11. The Defendants' position confuses the standards of the law of the case doctrine to be applied at the trial level, with the standards that apply after an appellate mandate (which does not exist on this issue), as well as with the principles of *res judicata* or collateral estoppel.

As to the later, under the principles of *res judicata* or collateral estoppel, litigation after a final judgment of issues that were *or could have been raised* are precluded in *subsequent* litigation. Here, no such final judgment has been entered, nor is this a subsequent case, so there is no issue preclusion.

The law of the case doctrine, on the other hand, requires a prior decision in the same case "explicitly on point and conclusively address[ing] the question at issue," and ostensibly affirmed by a superior court. *Independence Park,* 61 Fed.Cl. at 699. The issue of each individual Plaintiff's shoreline composition was not, and could not have been conclusively addressed in the liability phase of the trial. That would have required deconsolidation. As the Court commented at the January 17, 2007 status conference:

> So this is our liability. We want to end up with principles that treat this phenomenon in a way that will allow us an assumption to then turn crisply - - and I can only believe the Plaintiff would like to get this done crisply - - but as you know, we will need to deconsolidate or deconsolidate into groups in some fashion.

---

as the law of the case." *Banks,* 78 Fed. Cl. at 606-607 n.6, citing *In re Sandford Fork & Tool Co.,* 160 U.S. 247, 255, 16 S.Ct. 291, 40 L.Ed. 414 (1895).

> We would need to deconsolidate the individual plaintiffs because the tradition of jurisprudence in this area is that the individual owner, because of the value of their property and various other reasons, the question of damages is specific to the individual plaintiff, individual property owner.[5]

January 17, 2007 Hearing Transcript, Exh. B, p. 71.

The liability phase accomplished exactly what the Court intended. Since the Court was not convinced that the Plaintiffs' zone was *generally* cohesive, the opinion established a formula for damages for the taking of land upon the showing of either a sandy or cohesive shoreline composition. The Court did not have to rule (and did not rule) on the actual composition of each individual Plaintiff's shoreline, or otherwise purport to apply the appropriate formula. At the damages trial, the parties can move crisply with the calculation of damages, including the submission of actual and current shoreline composition evidence.

Still further, there are a wealth of procedural and evidentiary matters that undermine Defendants' reliance on the law of the case doctrine.

First, the trial was bifurcated.

Second, specific evidence by individual Plaintiffs was precluded on the current condition, value, and composition of the land not taken, and future loss of property.

Third, Dr. Larson's testimony concerned the natural and historical erosion of the shoreline (i) absent any human intervention, and (ii) without consideration of the impact

---

[5] The Defendant contends that, notwithstanding the Court's comments, Plaintiffs should have introduced damages testimony on their specific shoreline compositions in the liability phase, and are now precluded from doing so. This is a *res judicata* type argument, and as discussed in the text, is misplaced. Moreover, the context of the Court's colloquy with the government was liability only, and was addressing the government's claim that there might be exceptions to a general taking, perhaps due to shore protection. January 17, 2007 Transcript, Exh. A pp. 72-73.

of the Court's ruling that mitigation has been ineffective (in whole or part), thereby impacting the current shoreline composition.

Fourth, the Court's decision establishes that the lakeshore/lakebed composition for each Plaintiff has been unnaturally altered, and thus damaged due to the Corp's taking.

Not only did the Court not explicitly and conclusively determine the issue of each Plaintiff's *current* shoreline composition in the liability phase, but the Court could not have done so as Dr. Larson's generalized geological evidence provides no basis for such a finding.

The law of the case doctrine does not apply in the first instance. Thus, there is no need for a motion for reconsideration since there has been no definitive ruling to reconsider.

## II. ALTERNATIVELY DEPARTURE FROM THE LAW OF THE CASE DOCTRINE, OR THE GRANTING OF A MOTION FOR RECONSIDERATION IS FULLY SUPPORTED

Plaintiffs' position set forth in their Damages Trial Memorandum, and the refutation of Defendants' law of the case doctrine argument in the preceding section, is more than sufficient grounds for this Court to allow evidence of each Plaintiff's shoreline composition at the damages phase of the trial, in order to determine the appropriate measure for all categories of damages. Even if, however, the law of the case doctrine applied, the evidence should be admitted under the applicable standard, namely, to prevent manifest injustice.

Initially, Plaintiffs note that the Defendant incorrectly seeks to have this Court apply the more rigorous standard of the law of the case doctrine which controls *after* an

appellate decision. Defendant's Response p. 6, citing *Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 698 (Fed. Cir. 2001). The Court of Appeals in *Intergraph* was reviewing whether on remand the district court was correct in applying the doctrine to prevent the introduction of new evidence to relitigate the issues. That Court commented that:

> "the general rule is that an appellate court's decision of issues must be followed in all subsequent trial or intermediate appellate proceedings in the same case except where there are 'the most cogent reasons'".

*Id.* at 697. Citations omitted.

Here, this case is in the midst of a bifurcated trial, which itself engenders complexities in establishing clear lines between the scope of the evidence to be submitted in either phase. Nor is the law of the case standard to be applied at the trial level nearly as rigid as when there has been an appellate ruling. At the trial level the doctrine is more procedural in nature, as opposed to substantively preclusive:

> At the trial level however, the law of the case is "little more than a management practice to permit logical progression toward judgment."

*Jamesbury,* 839 F.2d at 1550.

With respect to a taking case under the Fifth Amendment, the Supreme Court in *Dickinson* has commented on the importance of Plaintiffs having their day in Court to seek redress from the exercise of the federal government's immense power:

> The Fifth Amendment expresses a principle of fairness and not a technical rule of procedure enshrining old or new niceties regarding "causes of action" – when they are born, whether they proliferate, and when they die.
>
> * * *
>
> When dealing with a problem which arises under such diverse circumstances procedural rigidities should be avoided.

*Dickinson,* 331 U.S. at 749.

In this case, to prohibit each individual Plaintiff from submitting evidence of the *actual and current* lakeshore/lakebed composition "would mark a manifest injustice," which is the standard that guides this Court's discretion in setting aside the law of the case, or allowing a motion to reconsider. Plaintiffs' discussion of the limited scope of Dr. Larson's testimony, as well as the express limitations in the Court's liability ruling, amply sustain the propriety of such relief here.

Moreover, we cannot think that the Federal Circuit, after recognizing that each Plaintiff has timely filed a claim, remanded this case without intending that after 10 years of litigation each Plaintiff would finally have his or her day in court to testify as to *their* specific actual damages, based on the conditions at their specific properties.

In fact, more than 9 years ago the Defendant itself led the charge in insisting on individualized proofs:

> Mr. Brenner: Yes. It does bring something to mind. Again, Your Honor, these are ad-hoc, factual intensive inquiries, according to the definition by the Supreme Court in these cases, which this Court had followed very scrupulously, and I think they demand that each and every Plaintiff step up to the bar and make his own pitch here.
>
> I just think that that's absolutely essential here. That's where the burden of proof lies, and I think the government is entitled to know who and for what reason someone is demanding money of it.
>
> I also think that the filing of separate suits - - now this may be unwieldy, depending on how many actually come forward and do this, but I think it weeds out those who are just going to sit there and do nothing and expect some sort of windfall from those that are going to meet there legal responsibilities and prove their case. I think that's a fair proposition to make here because I think we're talking about something rather large with a lot of zeros in this matter, from Mr. Ehret's description of it, anyway.

* * *

> Mr. Brenner: I know of no legal basis to treat these cases as a class action. I mean, it just doesn't work, and I think the reasons I've offered have been adopted by this Court for many, many years, and they just make sense. And I don't think we're denying the Plaintiffs due process by making them file these suits and then join in at that point. They will have their day in court if they want it, but if they are treated as amorphous, unidentified mass, I think that would be unfair to the government and the taxpayers in this kind of case, anyway.

September 16, 1999 Hearing Transcript, Exh. C, pp. 45-46, 48-49.

And we might add to fully complete the Defendant's thought, unfair as well to the Plaintiffs in this case.

## III. CONCLUSION

For the reasons above, the damages phase should commence and permit the presentation of evidence of the current and actual lakeshore/lakebed composition of each Plaintiff's property.[6]

Dated: August 22, 2008

Respectfully submitted,

s/Mark E. Christensen

Mark E. Christensen
Christensen & Ehret, LLP
222 West Adams, Ste. 2170
Chicago, IL 60606
(312) 634-1014
(312) 634-1018 Fax

[6] Defendant's attempt to argue the weight and sufficiency of anticipated evidence to be submitted by Plaintiffs by purporting to introduce declarations of new witnesses as exhibits. Plaintiffs have no intention of taking the bait and arguing the damages phase of their case in this brief. As with any trial, Defendant can make its objections to evidence offered by Plaintiffs, and tender their own evidence, *at the trial*.

John Ehret, Esq.
5986 Dunham Ave.
Stevensville, MI 49127
(269) 465-5857
(269) 465-3736 - Fax

Eugene J. Frett, Esq.
Sperling & Slater, P.C.
55 West Monroe Street, Ste. 3200
Chicago, IL 60603

Attorneys for Plaintiffs

## LIST OF EXHIBITS


| Lettering | Document | Page |
|---|---|---|
| A | October 14, 1999 Order Denying Class Certification | 3 |
| B | Excerpt of January 19, 2007 Hearing Transcript. Pages 1, 71-73. | 6 |
| C | Excerpt of September 16, 1999 Hearing Transcript pp. 1, 45-46, 48-49. | 10 |

**CERTIFICATE OF SERVICE**

I certify that I have served a copy of the **PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' DAMAGES TRIAL MEMORANDUM** by electronic filing with the United States Court of Federal Claims on this 22nd day of August, 2008 on:

Terry M. Petrie
Environment and Natural Resources Division
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80284
Attorney for Defendant

Gary W. Segrest, Esq.
Office of Counsel
U.S. Army Corps of Engineers
477 Michigan Avenue, Room 659
Detroit, MI 48226
Attorney for Defendant

Heide L. Herrmann
G. Even Pritchard
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Attorney for Defendant

s/Mark E. Christensen
MARK E. CHRISTENSEN