# EXHIBIT A

ORIGINAL

# In the United States Court of Federal Claims

No. 99-445 L

(Filed: October 14, 1999)

| | |
|---|---|
| JOHN H. BANKS, ET AL., Plaintiffs, v. THE UNITED STATES, Defendant. | ) |

FILED
OCT 14 1999
U.S. COURT OF FEDERAL CLAIMS

ORDER

This is an action brought by riparian landowners who claim takings of their property by the United States without just compensation arising out of the government's construction and maintenance of 15 jetties along the eastern shore of Lake Michigan. Plaintiffs, in their complaint, proposed that the case proceed as a class action under Rule 23 of the Rules of the Court of Federal Claims.[1] The government, in a motion for partial dismissal filed on August 17, 1999 and supported by a memorandum of points and authorities, opposed the certification of a class in this case. Plaintiffs responded by memorandum. The propriety of class certification in this matter was argued before the court on September 16, 1999. For the following reasons, the court denies plaintiffs' request for class certification.

I. Legal Standards Applicable to Request for Class Certification

Rule 23 of the Rules of the Court of Federal Claims ("RCFC") provides:

> A motion to certify a class action shall be filed with the complaint and comply with Rule 3(c), with service to be made as provided in Rule 4. The

[1]The court treats ¶¶ 18-25 of plaintiffs' complaint as the "motion to certify a class" required to be filed under the rule. Plaintiffs did not file a separate motion for certification.

EXHIBIT A

> court shall determine in each case whether a class action may be maintained and under what terms and conditions.

RCFC 23. Unlike Rule 23 of the Federal Rules of Civil Procedure, RCFC 23 is discretionary, granting the court the freedom to determine under what circumstances to certify a class and the terms and conditions of the class once it is certified. Taylor v. United States, 41 Fed. Cl. 440, 444 (1998). Notwithstanding the discretion afforded the court by the terms of the rule, it has become customary to observe that class actions are "'generally disfavored'" in this court. Id. (quoting O'Hanlon v. United States, 7 Cl. Ct. 204, 206 (1985) and citing cases).

Here, plaintiffs rely on the Taylor case to show the court's rejection of the O'Hanlon approach. In Taylor, this court certified a class of former employees of the Army and Air Force Exchange Service who asserted entitlement to certain separation pay incentives under the Separation Pay Act, 5 U.S.C. §§ 5595-5597 (Supp. III 1997). In that case, the "core legal question"--whether the government had violated the Separation Pay Act--was common to the entire class. Taylor, 41 Fed. Cl. at 446. The court observed that "the sole issue requiring a special determination" was damages and that the factual differences involved in determining damages were "limited." Id.

In reviewing plaintiffs' motion for class certification, the court has also considered Moore v. United States, 41 Fed. Cl. 394 (1998), a case not cited by plaintiffs but perhaps more apposite than Taylor because Moore granted certification of a class in a Fifth Amendment takings case.

The analytical framework for discussions of class certification, as cited in the briefing of both plaintiffs and defendant, is supplied by the eight-part test set out in Quinault Allottee Ass'n v. United States, 453 F.2d 1272 (1972). The eight criteria are:

> (1) whether the potential litigants constitute a large but manageable class; (2) a common question of law is present; (3) that common issue predominates over any separate factual issues affecting individual members; (4) the claims of the present plaintiffs must be typical of the claims of the class; (5) the government must have acted on grounds generally applicable to the whole class; (6) the claims of the class must be so small that it is doubtful they would be otherwise pursued; (7) the current plaintiffs will adequately protect the interests of the class; and (8) there is a risk of inconsistent adjudications if individual actions were maintained separately, some in district court and some in this court.

Moore, 41 Fed. Cl. at 397 (citing Quinault, 453 F.2d at 1275).

As this court noted in Moore, the eighth Quinault criterion regarding inconsistent adjudication no longer applies because the Federal Circuit now hears appeals from both the district courts and this court in cases seeking compensation for a taking. See Moore, 41 Fed. Cl. at 400; 28 U.S.C. § 1295 (1994). The overarching consideration in applying the remaining seven criteria is that Rule 23 be interpreted so as "to secure the just, speedy, and inexpensive determination" of this action. RCFC 1(a)(2).

II. Application of Legal Standards to This Case

A. Is the class size large and manageable?

As to numerosity, the criterion tests both whether the proposed class is sufficiently large that class action treatment is warranted, that is, whether the proposed class is sufficiently large that joinder is impracticable (see Abel v. United States, Cl. Ct. 477, 478 (1989); cf. Fed. R. Civ. Proc. 23), and whether the members of the class are sufficiently identifiable that litigation involving the class is manageable from the point of view of identifying and contacting the class. See Moore, 41 Fed. Cl. at 397-98. The court considers a proposed class of "approximately 200 landowners" a sufficiently large but manageable group with respect to numerosity. See Complaint at ¶ 18.

The "manageability" prong of the criterion also tests whether there are factual distinctions among prospective plaintiffs which would interfere with effective resolution of any common issues. See Taylor, 41 Fed. Cl. at 445. In this case, there are significant factual distinctions, discussed below in more detail, which the court finds would render the case unmanageable.

B. Is there a question of law common to the class?

This criterion is satisfied where there is a core legal question with a common defense. See Taylor, 41 Fed. Cl. at 446; Moore, 41 Fed. Cl. at 397-98. This case does not satisfy the test. Plaintiffs' complaint contains the conclusory allegation that "questions of law and fact common to class predominate over any questions affecting only individual members." Complaint at ¶ 25. However, in their Memorandum of Points and Authorities in Opposition to Motion for Partial Dismissal and in Support of Class Certification ("Pl.'s Memorandum"), plaintiffs themselves describe a variety of both alleged injuries and alleged causes:

> The result of moving all this sand is the loss of beaches and the sloughing and undermining the claimant's bluffs and dunes. Properties, sometimes including houses, are simply sliding into the lake.

> The defendant has caused this property loss in several ways. By sealing off the entire length of these fifteen jetties, with sheet piling, the government has blocked the flow through of sand permitted by the original jetty construction.

Pl.'s Memorandum at 2.

In addition, plaintiffs' oral argument to the court pointed out that the government acts complained of date back to dredging and construction and extension of piers, which "started in the 1850's." Transcript of Status Conference and Oral Argument on September 16, 1999 ("Tr.") at 9. Plaintiffs' counsel stated that "in the good old days we had as much as a 300-foot beach . . . .[a]nd now . . . we have zero." Tr. at 10. Plaintiffs' counsel further explained that differences exist between landowners of property north of a jetty and landowners south of a jetty. Tr. at 11. Plaintiffs' statements indicate to the court that there will be factual inquiries highly specific to the government's defense of each landowner's claim. Such factual inquiries may include, for example, when a taking is deemed to have occurred. That inquiry in a case involving activities over many years affecting separate land parcels differently goes both to the date when the takings claims arose and also to the availability of a statute of limitations defense. This court does not discern a "core legal question with a common defense." Taylor, 41 Fed. Cl. at 446. The government's actions would only give rise to a claim to the extent that they effect a taking of a specific landowner's property within six years of the date the action is brought. 28 U.S.C. § 2501 (1994).

C. Do common questions predominate?

As discussed in prior paragraphs, the court does not see a common issue which could be characterized as "predominating."

D. Are the claims of the present plaintiffs typical?

Because of the long period of time involved (Tr. at 9), and the acknowledged variety of the injuries even to the relatively small subset of the proposed class comprised of presently named plaintiffs (Pl's Memorandum at 2; Tr at 9-11), the court does not perceive a set of "typical" claims.

E. Did the government act on grounds generally applicable to the class?

This case will focus on the particulars of each landowner's allegations of injury, not on general questions such as the legality or wisdom of long-time policies of the government with respect to jetty construction on the eastern shore of Lake Michigan.

F. Are the claims of prospective class members so small that it is doubtful they would otherwise be pursued?

At argument, plaintiffs' counsel suggested a possible diminution in value of properties lying south of a government constructed pier at South Haven of $ 2100 per foot of water frontage. Tr. at 16. The proposed class is approximately 200 landowners of some 53,000 feet of water frontage. Even if the average alleged diminution in value were one-half of the amount mentioned by plaintiffs' counsel, the average alleged diminution would be: $ 318,000.[2] This amount is not so small as to make it doubtful that damages would be pursued in the absence of certification.

G. Will the current plaintiffs adequately protect the interests of the class?

In light of the court's view of the foregoing factors, the court finds it unnecessary to examine this factor, including any possible impact of the fact that plaintiffs' counsel's spouse is the trustee of a named plaintiff landowner. Tr. at 4, 31-31.

Based on our consideration of the factors suggested by the Quinault court, we do not find that class certification in this case would aid in a just, speedy and inexpensive determination of this action. RCFC 1(a)(3).

III. Conclusion

For the foregoing reasons, plaintiffs' motion for class certification is denied. Paragraphs 18-25 shall be deemed stricken from the complaint.

IT IS SO ORDERED.

Emily Hewitt

EMILY C. HEWITT
Judge

---

[2]This figure is calculated as follows: $ 1200 per ft. x 53,000 ft. x 200 landowners, which equals $ 318,000 per landowner or $63,600,000 in total damages. This figure is roughly comparable to the specified amount of damages of $56,000,000 set out in the complaint. Complaint at ¶¶ 38-40.