# EXHIBIT B

UNITED STATES
COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOHN H. BANKS, ET AL, | ) | |
| Plaintiff, | ) | |
| v. | ) | Docket No.: 99-4451L |
| UNITED STATES, | ) | |
| Defendant. | ) | |

Pages: 1 through 82

Place: Washington, D.C.

Date: January 19, 2007

**HERITAGE REPORTING CORPORATION**
*Official Reporters*
1220 L Street, N.W., Suite 600
Washington, D.C. 20005-4018
(202) 628-4888
hrc@concentric.net

EXHIBIT B

this is our shot to learn what happened along the shorefront. It sounds to me as if Plaintiffs are thinking about that. I just want to make sure everybody is thinking about that.

So this is our liability. We want to end up with principles that treat this phenomenon in a way that will allow us on an assumption of liability to then turn crisply -- and I can only believe the Plaintiff would like to get this done crisply -- but as you know, we will need to deconsolidate or deconsolidate into groups in some fashion.

We would need to deconsolidate the individual plaintiffs because the tradition of jurisprudence in this area is that the individual owner, because of the value of their property and various other reasons, the question of damages is specific to the individual plaintiff, individual property owner.

So I want to get as many general -- this trial addresses the issue of damage generally so that we can then go as crisply as possible if we do have a liability finding in the trial to damages.

Are there any discussion points or questions on those remarks from the Court?

MR. EHRET: John Ehret speaking. Not here,

Judge.

THE COURT: Thank you. For the United States?

MR. PETRIE: Yes, Your Honor. I have just one, to make sure I understand what you were describing there at the very end.

THE COURT: Okay.

MR. PETRIE: You were discussing liability and then the damages pieces of the case.

THE COURT: Right.

MR. PETRIE: You had a remark about the phase presently before you was going to liability generally.

THE COURT: Right.

MR. PETRIE: And then damages if liability is found specifically.

THE COURT: Right.

MR. PETRIE: And I was a little curious about that remark about liability generally. And my question is, from that remark, are you of the understanding that the liability here does not rest with the ability to show liability and in fact has to go to each individual property?

THE COURT: No. It does not have to go to each individual property because we're dealing with an

overall phenomenon. I mean, the liability will go to each individual property, or if there is an issue of that sort that is based on the geology and the shore transport aspect --

MR. PETRIE: Yes, Your Honor.

THE COURT: If you have a specific defense that relates to shore transport, that there is a protective -- that a spell was cast that you now know about as the United States, and a protective shield is in front of the Horvath property such that none of this damage was done, that there was no causation, whatever your argument is, okay? But it has to do with the impact of the geology on Horvath.

MR. PETRIE: I understand, Your Honor.

THE COURT: You've got some special cause there. This trial is the time to do it if it's geologic in nature.

MR. PETRIE: Yes, Your Honor.

THE COURT: But the spell that was cast changes all the geology here.

MR. PETRIE: Okay. Your Honor, I don't want to get ahead of myself.

THE COURT: Yes.

MR. PETRIE: Dr. Nairn's report does discuss the properties individually in addition --