# EXHIBIT C

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOHN H. BANKS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 99-445L |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

Courtroom 5, Room 505
National Courts Building
717 Madison Street, N.W.
Washington, D.C.

Thursday,
September 16, 1999

The parties met, pursuant to the notice of the Judge, at 10:00 a.m.

BEFORE: HON. EMILY C. HEWITT
Judge

APPEARANCES:

For the Plaintiff:

JOHN EHRET, Esquire
5986 Dunham Avenue
Stevensville, Michigan 49127
(616) 465-5857

For the Defendant:

ALAN BRENNER, Esquire
U.S. Department of Justice
General Litigation Section
Environment & Natural Resources Div.
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0466



EXHIBIT C

other issues that are before the Court in your motion? I do have your motion. I have your papers, and I've read them, and you are entitled to a reply.

MR. BRENNER: I don't know what other issues there are to address. I think Mr. Ehret has indicated that he has conceded he can't obtain injunctive and declaratory relief in this Court.

THE COURT: I wasn't sure if he had made that as a concession, but I'm happy to ask him that because it will reduce my --

MR. EHRET: I'm happy to make that concession, Judge.

THE COURT: That will reduce --

MR. BRENNER: So we're talking about monetary relief.

THE COURT: That will reduce the issue to the issue of the class action.

MR. BRENNER: Yes. It does bring something to mind. Again, Your Honor, these are ad-hoc, factual intensive inquiries, according to definition by the Supreme Court in these cases, which this Court had followed very scrupulously, and I think they demand that each and every Plaintiff step up to the bar and make his own pitch here.

I just think that that's absolutely essential here. That's where the burden of proof lies, and I think

the government is entitled to know who and for what reason someone is demanding money of it.

I also think that the filing of separate suits -- now this may be unwieldy, depending on how many people actually come forward and do this, but I think it weeds out those who are just going to sit there and do nothing and expect some sort of windfall from those that are going to meet their legal responsibilities and prove their case. I think that's a fair proposition to make here because I think we're talking about something rather large with a lot of zeros in this matter, from Mr. Ehret's description of it, anyway.

THE COURT: Well, I wrote down the number, the delta between the approximate value per foot of -- did I get this? -- of 2,500 versus 400. So I wrote 2,100, and then I decided that I had a 100-foot property, so I started addining zeros, and it's like a tax professor who always used to do three-digit examples, would say add zeros until this case gets interesting to you, and he would do his examples on the blackboard with $300.

And I think the arithmetic of that is that a 100-foot property has a $210,000 delta if you got the whole thing within the statute-of-limitations lawsuit. That, I assume, is the kind of calculus that's behind the comment that you just made, Mr. Brenner.

this process of flooding or bank erosion or overflights from aircraft reach a point where one can reasonably assume that it's reasonably probable that they will inevitably occur over and over again in the future?

And that's where you have to pick a date of taking here, which is not an easy thing to do. It's almost a coin toss. It's not scientific in any way, and I've seen it where one year is enough to establish a date of taking in one of these cases, and I've seen them go up to 10 or 12 years or whatever. It just depends on so many scientific variables.

THE COURT: Let me move us back to the status conference. Would you like some more time? You're actually entitled to it if you would like --

MR. BRENNER: I don't think so. I think I've said all I'll say.

THE COURT: You addressed the points that are traditionally addressed in this.

MR. BRENNER: I know of no legal basis to treat these cases as a class action. I mean, it just doesn't work, and I think the reasons I've offered have been adopted by this Court for many, many years, and they just make sense. And I don't think we're denying the Plaintiffs due process by making them file these suits and then join in at that point. They will have their day in court if they want

it, but if they are treated as an amorphous, unidentified mass, I think that would be unfair to the government and the taxpayers in this kind of case, anyway.

THE COURT: We will turn from that. I'll decide it. I'll try to decide it promptly. I'll decide it in writing. I can decide not to decide at this point, but I'm not sure that that's helpful.

I do not think, based on your conversation with me today, Mr. Ehret, that I need further briefing on the conflict issue if you would like to address that. That's not going to be the final factor. That's not going to be the final factor that's going to help the Court decide, so I don't want to put you -- and I have the citations, I think, for the relevant cases.

The government is entitled on the remaining outstanding issue from its motions to a reply if it wants one. Do you want to avail yourself of that, or should we go from here?

MR. BRENNER: If the Court would find it helpful. If it doesn't want to hear any more on it, in writing, that's fine, Your Honor.

THE COURT: The Court has your argument today and your other papers, and I think the issue would be new matter, and that's your call, not mine.

MR. BRENNER: I wouldn't have anything new to add