**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| JOHN H. and MARY E. BANKS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 99-4451 L<br>Judge Emily C. Hewitt |
| EUGENE J. FRETT, individually and as Trustee of the Victor J. Horvath and Frances B. Horvath Trust, and<br><br>DONNA P. FRETT,<br><br>Plaintiffs,<br><br>THE UNITED STATES,<br><br>Defendant. | No. 05-1353L<br>Judge Emily C. Hewitt |

**MOTION TO STRIKE DECLARATION OF DAVID WOLF AND JAMES SELEGEAN**

NOW COME the Plaintiffs, by their attorneys, John B. Ehret, Mark E. Christensen and Eugene Frett, and for their Motion to Strike the Declarations of David Wolf and James Selegean, state as follows:

1. Upon completion of the liability phase of this case, and in light of the Court's liability decision, Plaintiffs suggested and the Court requested that Plaintiffs outline in a Memorandum their rationale for proffering lakeshore/lakebed composition evidence at the damages phase of the trial. Plaintiffs contended that their position was in harmony with the Court's decision on liability issues, given the practicalities that flowed from the bifurcation of the trial, the due process rights of each of the Plaintiffs, and the

type of evidence that is needed to prove up all of the damages authorized by the Supreme Court in *U.S. v. Dickinson*, 331 U.S. 745, 67 S. Ct. 1382, 91 C.Ed. 1789 (1947), and its progeny.

2. To this end, Plaintiffs have filed with the Court their Damages Trial Memorandum, and Reply in Support of Plaintiffs' Damages Trial Memorandum.

3. Defendant has filed a Response to Plaintiffs' Damages Trial Memorandum which sets forth two legal arguments: the law of the case doctrine precludes any evidence of the actual and current lakeshore/lakebed composition of each Plaintiff's property; and Plaintiffs' alternative motion for reconsideration is not well taken. This issue is fully ripe to be decided now by the Court on the present filings.

4. Defendant, however, went a step further in its Response by attaching the declarations of David Wolf and James Selegean to the Response, and arguing that the truths in the declarations "expose the Plaintiffs' explanation" to circumvent the Court's purported findings. Defendant's Response, pp. 15-16.

5. David Wolf is proffered as a shoreline protection construction expert. James Selegean, from the Corps, is proffered as an expert on the relevant procedures of shoreline protection construction from a review of historical permits since 1916.

6. The declarations of Wolfe and Selegean should be stricken from the Response and should not be considered by the Court for the following reasons:

a. The Court can rule on Defendant's law of the case and no basis for reconsideration defenses without reference to the declarations;

b. The "expert" declarations are offered for the improper purpose of attacking Plaintiffs' credibility (i.e., purportedly exposing the motivations of Plaintiffs);

c. The declarations are of experts who have not been previously disclosed, recognized or qualified.

d. The declarations put Plaintiffs at an unfair and expensive procedural disadvantage as follows.

1. The proper procedure is for Plaintiffs to ultimately disclose their witness list for the damages trial, and for Defendants to respond with countervailing witnesses. Defendant's tactic tries to anticipate Plaintiffs' case, define the issues and derail the orderly progression of the case.

2. The tactic is unfair in that in order for Plaintiffs to properly address the declarations, affiant's depositions would need to be taken, and opposing experts would need to be retained by Plaintiffs, who would then need to be deposed by the government. This entire sideshow only delays the damages trial on the real issues.

3. Finally, the work described in 2 above puts Plaintiffs' to unnecessary and extraordinary expense for no reason.

7. The relief requested by Plaintiffs does not prejudice Defendant. First, Defendant can get a ruling on its legal defenses without the need for consideration of the new expert opinion evidence. Second, Plaintiffs only seek the limited relief of striking the declarations from the Response. Defendant is free to attempt to use these experts at trial, subject of course to *Daubert* and the rules of evidence.

WHEREFORE, Plaintiffs request that this Court strike the declarations of David Wolfe and James Selegean from Defendant's Response to Plaintiffs' Damages Trial Memorandum.

Dated: August 22, 2008

Respectfully submitted,

s/Mark E. Christensen
Mark E. Christensen
Christensen & Ehret, LLP
222 West Adams, Ste. 2170
Chicago, IL 60606

(312) 634-1014
(312) 634-1018 Fax
John Ehret, Esq.
5986 Dunham Ave.
Stevensville, MI 49127
(269) 465-5857
(269) 465-3736 - Fax

Eugene J. Frett, Esq.
Sperling & Slater, P.C.
55 West Monroe Street, Ste. 3200
Chicago, IL 60603

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I certify that I have served a copy of the **MOTION TO STRIKE** by electronic filing with the United States Court of Federal Claims on this 22nd day of August, 2008 on:

Terry M. Petrie
Environment and Natural Resources Division
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80284
Attorney for Defendant

Gary W. Segrest, Esq.
Office of Counsel
U.S. Army Corps of Engineers
477 Michigan Avenue, Room 659
Detroit, MI 48226
Attorney for Defendant

Heide L. Herrmann
G. Even Pritchard
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Attorney for Defendant

s/Mark E. Christensen
MARK E. CHRISTENSEN