**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **JOHN H. and MARY E. BANKS, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **No. 99-4451 L** |
| **v.** | ) | **Judge Emily C. Hewitt** |
| | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |
| **EUGENE J. FRETT, Individually and as trustee of the Victor J. Horvath and Frances B. Horvath Trust, and** | ) | |
| | ) | |
| **DONNA P. FRETT,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **No. 05-1353 L** |
| **v.** | ) | **Judge Emily C. Hewitt** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION**
**TO STRIKE DECLARATIONS OF DAVID WOLF AND JAMES SELEGEAN**

Defendant respectfully requests the Court deny Plaintiffs' "Motion to Strike Declaration of David Wolf and James Selegean" (hereafter, "Motion to Strike"). See Docket ("Dkt.") # 272. Plaintiffs attempt to preclude the introduction of relevant information that addresses the very issue they have raised with the Court. Moreover, Plaintiffs complain about a "sideshow," a procedural process which they themselves are prepared to undertake and which need not occur if the Court disallows Plaintiffs' efforts to re-litigate what the Court has already decided. See Motion to Strike at 3.

## I. BACKGROUND

Plaintiffs' Motion to Strike follows on the heels of the parties' briefing the issues associated with Plaintiffs' naked efforts to re-litigate the Court's factual finding for liability that the greater portion of Plaintiffs' properties are located along a sandy shoreline of Lake Michigan because of the implication for the damages phase of this case.[1/] See Banks v. United States, 78 Fed. Cl. 603 (2007). In the course of responding to "Plaintiffs' Damages Trial Memorandum," Defendant submitted a number of exhibits, including declarations executed by David P. Wolf and James Selegean. See Exhibits 6 and 7, respectively, to Defendant's Response. Mr. Wolf is a licensed civil engineer in the State of Michigan and one of the owners of Oselka Construction Co. Id. at Exhibit 6. Mr. Selegean is a hydraulic engineer for the Detroit District, U.S. Army Corps of Engineers. Id. at Exhibit 7.

Plaintiffs object to the Wolf and Selegean declarations. They contend (1) that the Court can rule on the issue before it without reference to the Wolf and Selegean declarations; (2) that the Wolf and Selegean declarations are offered for the improper purpose of attacking Plaintiffs' credibility; (3) that the Wolf and Selegean declarations are those of "experts" who have not been previously disclosed, recognized or qualified; and (4) that the declarations place Plaintiffs at an unfair and expensive procedural disadvantage. See Motion to Strike at 2-3.

As discussed below, Plaintiffs' objections are without merit, factually inaccurate, and complain about a process they set in motion.

---

[1/] See "Plaintiffs' Damages Trial Memorandum" (Dkt. # 262); "Defendant's Response to Plaintiffs' Damages Trial Memorandum" ("Defendant's Response") (Dkt. # 268); and "Plaintiffs' Reply in Support of Plaintiffs' Damages Trial Memorandum" (Dkt. # 271).

# II. ARGUMENT

## A. The Wolf and Selegean Declarations are Appropriately Before the Court

By not citing their efforts to obtain soil borings for the purpose of supposedly determining what kind of shore protection to install on their properties, Plaintiffs attempt to obscure what is driving the briefings before this Court. Instead, they contend that the Court can rule on the pending motion without considering the Wolf and Selegean declarations. In doing so, Plaintiffs ignore the figurative elephant they have marched into the living room. To wit, ever since this Court found, contrary to Plaintiffs' opinion, that the shoreline composition is not entirely cohesive, Plaintiffs have sought to re-litigate that finding by pursuing the acquisition of soil borings. That effort is what prompted this round of briefings before the Court. The Wolf and Selegean declarations are relevant because the declarants provide information that demonstrates that soil borings are not needed.

### 1. Plaintiffs' Damages Trial Memorandum is <u>Driven By Plaintiffs' Effort to Obtain Soil Borings</u>

Plaintiffs' quest began with a letter dated October 24, 2007, from counsel for Plaintiffs to counsel for Defendant, that stated:

> Judge Hewitt's opinion quotes Dr. Larson as saying, "it would always be better to drill" (page 38). At page 39 the court allows for the possibility of further proceedings as to some or all of plaintiffs' properties being cohesive. I propose core drilling in the water along with presentation of lab tests for agreed locations in specific plaintiff properties. We know its till. Maybe this will convince Larson.

Defendant's Response, Exhibit 2 at 2.

Then, in two subsequent status conferences, Plaintiffs informed the Court of their

intentions which led to the briefs filed with this Court. In the first status conference conducted on January 22, 2008, counsel for Plaintiffs described their intention to proceed with drilling and other tests. Defendant's Response, Exhibit 4. That status conference was followed by another one held on February 19, 2008, at which Plaintiffs' counsel advised that they needed to make a property-specific soil exploration of each property to decide what kind of shore protection to install. Defendant's Response, Exhibit 5. At that time, the Court established a briefing schedule for the issues raised by Plaintiffs' efforts. See Order filed February 19, 2008. Dkt. # 260.

Finally, during the course of briefing the Court, and while seeking an enlargement of time, Plaintiffs again made clear what is driving their agenda. Plaintiffs explained in their motion for an enlargement of time that "Plaintiffs need the additional time to complete preliminary soil and lake bed sampling at the Plaintiffs' respective properties." See Plaintiffs' Unopposed Motion for Extension of Ten Days to File Reply Due Under the Court's Order dated July 2, 2008. Dkt. # 269. Plaintiffs added that they "need the additional time to research the quantitative definition of sandy vs. cohesive shorelines." Id.

No doubt exists about what evidence Plaintiffs intend to attempt to adduce or to what end they believe they should be entitled to use it. Under these circumstances, to argue, as Plaintiffs do, that the Court can rule on the pending motion without the Wolf and Selegean declarations simply because Plaintiffs have not yet addressed the specifics of their soil borings efforts is disingenuous. The Wolf and Selegean declarations are directly relevant to this Court's consideration.

**2. The Wolf and Selegean Declarations are Relevant**

Plaintiffs ignore the fact that the Wolf and Selegean declarations bring relevant

information to the Court. Both declarations address directly Plaintiffs' central contention that underlies and ostensibly precipitated Plaintiffs' Damages Trial Memorandum in the first place; that is, that Plaintiffs need soil borings to determine the kind of shore protection to install on their properties. For example, Mr. Wolf recounts from his experience in building and designing shore protection structures along the shoreline of Lake Michigan, where Plaintiffs' properties are located, that his company does not use soil borings for installing shore protection for residential properties, nor has he ever seen "residential property owners use soil borings to assist in building shore protection." Defendant's Response, Exhibit 6 at 5-6, paragraphs 11-12. Similarly, Mr. Selegean corroborates Mr. Wolf's factual observations by describing the results of a review of the permit and permit application files of the U.S. Army Corps of Engineers, Detroit District, for the installation or work upon shore protection structures located in the vicinity of Plaintiffs' properties. Id. at Exhibit 7.

**B. The Wolf and Selegean Declarations Do Nothing Improper**

Plaintiffs also assert that the Wolf and Selegean declarations are "offered for the improper purpose of attacking Plaintiffs' credibility (i.e., purportedly exposing the motivations of Plaintiffs)." Motion to Strike at 2.

Aside from the fact that Plaintiffs do not like the information set forth in the Wolf and Selegean declarations, Plaintiffs cite no case law or rule of procedure that prohibits the introduction of information in motions practice that addresses, in part, the credibility of a party's conduct for the issue before a court. Of course, while the declarations may be relevant to Plaintiffs' credibility, this is not their primary purpose. The Wolf and Selegean declarations provide relevant information to the Court. Both declarations contradict Plaintiffs' explanation

that they need to take soil borings to determine the kind of shore protection to install.

**C. The Wolf and Selegean Declarations are Not Those of "Experts"**

Plaintiffs contend incorrectly that the Wolf and Selegean declarations are those of "experts" who have not been previously disclosed, recognized or qualified. Certainly, both persons possess the qualifications to provide expert information but, in fact, the information provided by them was not that of an expert. After describing his credentials and experience, Mr. Wolf merely related that in his years of work along the shoreline of Lake Michigan (1) that his firm does "not typically perform soil borings before we design a revetment for a residential client", and (2) that he has "never seen residential property owners use soil borings to assist in building shore protection." Defendant's Response to Plaintiffs' Damages Trial Memorandum, Exhibit 6 at pages 5-6, paragraphs 11-12. Mr. Selegean's declaration is even more removed from that of an expert. He simply reports the results of a review of permit and permit applications for the installation of shore protection along the shoreline where Plaintiffs' properties are located. Id. at Exhibit 7.

Further, in any event, Plaintiffs cite no rule of procedure, standing court order, or case law that would preclude the use of expert declarations.

**D. The Wolf and Selegean Declarations Do Not Place Plaintiffs at an Unfair or Expensive Procedural Disadvantage**

Finally, Plaintiffs contend that the Wolf and Selegean declarations somehow are unfair because they have the effect of addressing the very issue that they themselves raised before they apparently are ready. Motion to Strike at 3. While Defendant can only speculate why, in light of Plaintiffs' announced reasons for obtaining an extension of time before filing their Reply,

Plaintiffs have not unveiled the results of the soil borings, the fact remains that the issue has been teed up for the Court and it need not wait. Further, and Plaintiffs gloss over this point, the very same "sideshow" – as they describe it – conceivably would not need to be undertaken in any event, if this Court disallows Plaintiffs' request to re-litigate what the Court decided earlier.

**CONCLUSION**

For the reasons stated above, Defendant respectfully requests the Court deny Plaintiffs' Motion to Strike.

Dated: September 5, 2008

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division

*s/Terry M. Petrie*

TERRY M. PETRIE
Environment and Natural Resources Division
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294
Tele: 303-844-1369
Fax: 303-844-1350
Terry.Petrie@usdoj.gov

Attorney for Defendant

OF COUNSEL

Gary W. Segrest, Esq.
Office of Counsel
U.S. Army Corps of Engineers
477 Michigan Avenue, Room 659
Detroit, MI 48226

# CERTIFICATE OF SERVICE

I certify that I have served a copy of the "**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DECLARATONS OF DAVID WOLF AND JAMES SELEGEAN**" by electronic filing with the United States Court of Federal Claims on the 5th day of September, 2008 on:

John Ehret, Esq.
5986 Dunham Avenue
Stevensville, MI 49127

Eugene J. Frett, Esq.
Sperling & Slater, P.C.
55 West Monroe Street
Suite 3200
Chicago, Illinois 60603

and by first class, postage paid, mail on:

Mark E. Christensen
Christensen & Ehret
Attorney at Law
222 West Adams Street
21st Floor
Chicago, IL 60606

****************

*s/Terry M. Petrie*
TERRY M. PETRIE