# In the United States Court of Federal Claims

No. 99-4451L

(consolidated with, 99-4452L, 99-4453L, 99-4454L, 99-4455L, 99-4456L, 99-4457L, 99-4458L, 99-4459L, 99-44510L, 99-44511L, 99-44512L, 00-365L, 00-379L, 00-380L, 00-381L, 00-382L, 00-383L, 00-384L, 00-385L, 00-386L, 00-387L, 00-388L, 00-389L, 00-390L, 00-391L, 00-392L, 00-393L, 00-394L, 00-395L, 00-396L, 00-398L, 00-399L, 00-400L, 00-401L, 05-1353L, 05-1381L, 06-072L)

(E-Filed: August 18, 2015)

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| JOHN H. BANKS, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

Mark E. Christensen, Chicago, IL, with whom was John B. Ehret, Olympia Fields, IL, for plaintiffs in No. 99-4451L.  Eugene J. Frett, Chicago, IL, pro se in No. 05-1353L.

Terry M. Petrie, Environment & Natural Resources Division, United States Department of Justice, Denver, CO, with whom was John C. Cruden, Acting Assistant Attorney General, Environment & Natural Resources Division, United States Department of Justice, Washington, DC, for defendant.

OPINION AND ORDER

CAMPBELL-SMITH, Chief Judge

In Banks v. United States (Banks IV), 741 F.3d 1268 (Fed. Cir. 2014), ECF No. 508, for the second time on appeal, the Federal Circuit found plaintiffs' takings claims to be timely, and reversed this court's dismissal decision, Banks v. United States (Banks III), 102 Fed. Cl. 115 (2011), ECF No. 505.  Plaintiffs' taking claims were remanded for

limited consideration of the liability and damages findings that were made in the alternative in the dismissal decision.

I.   Post-Remand Proceedings

   A.   January 30, 2015 Ruling Regarding Scope of Mandate

By Order and Opinion dated January 30, 2015, the court denied plaintiffs' motion for entry of a ruling adopting their interpretation of the Federal Circuit's mandate. Banks v. United States, 120 Fed. Cl. 29 (2015), ECF No. 539. Noting that the Federal Circuit had addressed only the issue of claim accrual, the court denied, inter alia, plaintiffs' request that the court "disregard, on remand, the entirety of the evidence presented by defendant at trial." See id. at 40–41. The court also limited the scope of post-remand proceedings, advising that it would consider only those factual findings in the alternative merits findings "that were premised on evidence that was considered purely to support the court's erroneous determination that it lacked jurisdiction in Banks III." Id. at 40.

   B.   February 20, 2015 Order Addressing Alternative Merits Findings

By order dated February 20, 2015, the court directed the parties "to identify[,] in their respective briefs which, if any, of the 'alternative merits findings' are premised on the trial court's determination in Banks III that plaintiffs' claims accrued earlier than 1952, and not the later January 2000 claim accrual date affirmed by the Federal Circuit in Banks IV." Br. Order, ECF No. 542, at 3. To the extent any findings were so identified, the parties were directed to explain how such findings might be different.[1] See id. at 3–4.

The parties timely filed their respective briefs on March 20, 2015, see Def.'s Br., ECF No. 543; Pls.' Br., ECF No. 544, and their responsive briefs on April 3, 2015, see ECF Nos. 545–46.

   C.   The Parties' Positions on the Alternative Merits Findings

Defendant asserts that none of the alternative merits findings are premised upon, or informed by, the court's finding of claim accrual in Banks III. Def.'s Br. 2. Defendant avers that "all of the alternative merits findings remain fully applicable following the Federal Circuit's ruling regarding the date of claim accrual." Id.

---

[1]   Based on the various non-responsive filings plaintiffs have made on remand, the court cautioned the parties that "any discussion in the received briefing that exceed[ed] the scope of the requested topics defined in this Order [would] be disregarded." Br. Order, ECF No. 542, at 4.

2

Plaintiffs, on the other hand, argue that "a precise excision of the sole portions of the 'alternative merits findings' that relate to the [c]ourt's erroneous jurisdictional holding [in Banks III] is not tenable." Pls.' Br. 2.  Plaintiffs urge the court to reconsider its February 20, 2015 order and to re-examine the "entirety" of the alternative merits findings.  Id.; see also id. at 3 (arguing that "[t]he baby must be thrown out with the bathwater.  No other outcome is permissible in light of the Federal Circuit's sweeping Banks IV mandate"); id. at 14 (requesting an examination of the alternative merits findings because they are necessarily "contradicted by the Federal Circuit's mandate, the government's admissions, and basic science").  Plaintiffs further urge the court to hear evidence regarding sand removal that would impact the damages calculation set forth in the alternative merits findings.  Id. at 14–15.

II.     Discussion

    A.     Plaintiffs' Requests for Reconsideration and Re-Examination Are Denied

In their latest briefing, plaintiffs once again disregard the multiple orders issued by the court addressing the scope of the Federal Circuit's mandate governing post-remand proceedings.  Ultimately, the court determined that "the Federal Circuit did not direct the court to engage in an unrestricted effort to reconsider all of the merits findings presented in the alternative in Banks III, which were based on the evidence heard and considered during . . . two trials[,] [one on liability and the other on damages]."  Banks, 120 Fed. Cl. at 40; see also Br. Order 4 (reiterating same).

Dissatisfied with, and undeterred by, the court's determination, plaintiffs continue to seek a broader interpretation of the Federal Circuit's mandate—particularly one that would allow a retrial on the merits and damages.  Plaintiffs assert that the Federal Circuit's claim accrual determination in Banks IV is inextricably intertwined with, and dispositive of, the merits of their takings claims.  Pls.' Br. 14 (averring that "the jurisdictional inquiry is not independent of the merits, and the findings contained within the Federal Circuit's Banks IV mandate are not confined merely to its jurisdictional holding—they are also findings on the merits").  Plaintiffs insist that the Federal Circuit's claim accrual determination calls into question the testimony of, and the court's findings about the credibility of, defendant's expert witness.  See id. at 2 (contending that the court's "clearly erroneous fact-finding on jurisdiction—based on [Dr.] Nairn's opinions—necessarily taints the fact-finding in the alternative merits discussion, also based on the selfsame expert's opinions").  Plaintiffs contend that the court should revisit its February 20, 2015 order and consider making new merits findings.  Plaintiffs frame their position as a request for reconsideration; but plaintiffs make no reference in their briefing to Rule 59 of the Rules of the Court of Federal Claims (RCFC), which governs such requests.  Nor do plaintiffs address the pertinent standards for evaluating motions for reconsideration.

3

Motions for reconsideration should be considered with "exceptional care," Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999) (citations and quotations omitted), and "must be supported by a showing of extraordinary circumstances which justify relief," Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (internal quotation marks omitted).  A motion for reconsideration under RCFC 59 "must be based on a manifest error of law or mistake of fact and must show either:  (1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice."  First Fed. Lincoln Bank v. United States, 60 Fed. Cl. 501, 502 (2004).  The "decision whether to grant reconsideration lies . . . within the discretion of the [trial] court."  Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

Plaintiffs have filed a 19-page document asking the court to revisit the findings and determinations already made.  Appearing to allege that an error of law has occurred, plaintiffs reiterate their view that the court misinterpreted the Federal Circuit's mandate.  The court has already considered plaintiffs' contention that the Federal Circuit's jurisdictional determination in Banks IV regarding claim accrual also decided the merits of plaintiffs' takings claims.  In its January 2015 ruling, the court expressly declined to adopt plaintiffs' expanded interpretation of the Federal Circuit's mandate.  See Banks, 120 Fed. Cl. at 39 ("[T]he accrual of [a] takings claim is not the same thing as [a determination of] takings liability." (alteration in original) (quoting Hansen v. United States, 65 Fed. Cl. 76, 129 (2005))); see also id. ("Given the fact-intensive nature of both claim accrual determinations and takings claim considerations, the same facts might inform both inquiries.  Examination of the same facts within the context of both inquiries, however, does not make the facts informing a claim accrual question fully dispositive of the merits issues.").  And the court again declines to do so.

Plaintiffs also appear to challenge the alternative merits findings on the ground that they contain factual mistakes.  In an effort to correct these alleged errors, plaintiffs seek to introduce sand removal evidence, but plaintiffs make no assertion that the evidence was previously unavailable.  Moreover, plaintiffs appear to challenge as erroneous the witness credibility determinations made by the court at trial.

"[A] motion for reconsideration . . . should not be based on evidence that was readily available at the time the motion was heard."  Seldovia Native Ass'n v. United States, 36 Fed. Cl. 593, 594 (1996), aff'd, 144 F.3d 769 (Fed. Cir. 1998).  Nor is a reconsideration motion meant to serve as a tool for re-hashing the same arguments already considered by the court.  See Bannum, Inc. v. United States, 59 Fed. Cl. 241, 243 (2003) ("[T]he movant . . . must do more than merely reassert[ ] arguments which were previously made and were carefully considered by the court.") (internal quotation marks omitted).  It is well-settled that "[l]itigants should not . . . be permitted to attempt an extensive re-trial based on evidence which was manifestly available at time of the hearing" by simply moving for reconsideration.  Gelco Builders & Burjay Const. Corp. v.

4

United States, 369 F.2d 992, 1000 (Ct. Cl. 1966).  It is also well-settled that such motions are not "intended . . . to give an 'unhappy litigant an additional chance to sway' the court."  Matthews v. United States, 73 Fed. Cl. 524, 525 (2006) (quoting Froudi v. United States, 22 Cl. Ct. 290, 300 (1991)).  Were the court to entertain motions for reconsideration on "the sole ground that one side or the other is dissatisfied with the conclusions reached by the court, . . . litigation would be unnecessarily prolonged."  Fru-Con Constr. Corp., 44 Fed. Cl. at 300 (brackets omitted) (quoting Seldovia Native Ass'n, 36 Fed. Cl. at 594).

Because plaintiffs' request for reconsideration is firmly rooted in their dissatisfaction with the court's alternative merits findings, and because plaintiffs have not made the requisite showing for the relief they seek, plaintiff's motion is **DENIED**.

      B.      Entry of the Alternative Merits Findings

This case was filed more than sixteen years ago.  The court has conducted two trials.  After evaluating the credibility of the witnesses and considering the evidence, the court made extensive findings on the merits of plaintiffs' takings claims.  These findings were set forth, in the alternative, in Banks III, 102 Fed. Cl. at 150–215.  On remand, the court "is bound by the mandate, and by its own prior findings—to the extent such findings are not inconsistent with the mandate."  Banks, 120 Fed. Cl. at 40.  Neither party has identified any findings that require revisiting on remand because they were informed by the court's erroneous determination in Banks III that plaintiffs' claims accrued earlier than 1952.

Based on the foregoing, the court **ENTERS** the liability and damages findings that were presented "in the alternative" by the court in Banks III, 102 Fed. Cl. at 150–215.

III.     Further Proceedings Regarding Plaintiffs' Shoreline Protection Expenses

The court now turns to address the remaining, limited portion of plaintiffs' damages claims that were not resolved by the damages trial in 2011—the matter of plaintiffs' shoreline protection expenses.

As the Federal Circuit observed, the court declined to undertake this final determination of damages in the absence of briefing or a stipulation by the parties.  See Banks IV, 741 F.3d at 1283 (observing that the trial court explained that "'if the reviewing court does not agree with the court's determination that it lacks jurisdiction to address plaintiffs' claims,' it would direct the parties to file either a stipulation or briefing" in order to make such a determination (alteration omitted) (quoting Banks III, 102 Fed. Cl. at 212)).  And the court stated earlier that "the Federal Circuit's acknowledgement that shoreline protection expenses have not yet been finalized does not amount to an invitation to re-litigate and reargue the merits of this case."  Banks, 120

Fed. Cl. at 39 (footnote omitted).  The court also stated that "[b]ecause plaintiffs had sufficient opportunity to prove the amount of their damages at trial, [it would] not accept additional evidence regarding the amount of their expenses." Banks III, 102 Fed. Cl. at 212; see also Banks IV, 741 F.3d at 1282–83 (recognizing that "'references [to when certain shore protection measures were undertaken] are scattered across several thousand pages of trial testimony and documentary evidence'" (alteration in original) (quoting Banks III, 102 Fed. Cl. at 212)).

      Accordingly, the parties are directed to confer regarding the preferred course of proceedings "to enable the court to determine which of plaintiffs' shore protection expenses were incurred prior to 1970 and which were incurred subsequent to 1970." Banks III, 102 Fed. Cl. at 212.  On or before **Tuesday, September 1, 2015**, the parties shall file a joint status report indicating whether further proceedings are to be conducted by either joint stipulation or briefing.

      IT IS SO ORDERED.

        s/ Patricia Campbell-Smith
        PATRICIA CAMPBELL-SMITH
        Chief Judge