# In the United States Court of Federal Claims

No. 99-4451L

(consolidated with, 99-4452L, 99-4453L, 99-4454L, 99-4455L, 99-4456L, 99-4457L, 99-4458L, 99-4459L, 99-44510L, 99-44511L, 99-44512L, 00-365L, 00-379L, 00-380L, 00-381L, 00-382L, 00-383L, 00-384L, 00-385L, 00-386L, 00-387L, 00-388L, 00-389L, 00-390L, 00-391L, 00-392L, 00-393L, 00-394L, 00-395L, 00-396L, 00-398L, 00-399L, 00-400L, 00-401L, 05-1353L, 05-1381L, 06-072L)

(E-Filed: February 19, 2016)

JOHN H. BANKS, et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

Motion for Recusal; Judicial Qualification Under 28 U.S.C. § 455; "Governmental Employment" Under 28 U.S.C. § 455(b)(3)

John B. Ehret, Olympia Fields, IL, with whom was Mark E. Christensen, Chicago, IL, for plaintiffs in No. 99-4451L.

Terry M. Petrie, Environment & Natural Resources Division, United States Department of Justice, Denver, CO, with whom was John C. Cruden, Assistant Attorney General, Environment & Natural Resources Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

CAMPBELL-SMITH, Chief Judge

Pending before the court are plaintiffs' motion for recusal (plaintiffs' motion or Pls.' Mot.), filed November 6, 2015, ECF No. 557;[1] defendant's response (Def.'s Resp.), filed December 3, 2015, ECF No. 559; and plaintiffs' reply (Pls.' Reply), filed December 8, 2015, ECF No. 561.

In a further challenge to the ruling recently issued by the undersigned during post-remand proceedings, plaintiffs request that the undersigned recuse herself. Plaintiffs argue that the undersigned's impartiality might reasonably be questioned as a result of her prior clerkship with now retired Judge Emily C. Hewitt. Judge Hewitt presided over this case from the time of its filing in 1999 until her retirement in 2014.

For the reasons set forth below, the court **DENIES** plaintiffs' motion.

I. Background

For ease of reference, a shortened recitation of the factual and procedural history of the case is provided here. A thorough discussion of the proceedings prior to remand can be found in the court's trial opinions on liability and damages. See Banks v. United States (Liability Opinion), 78 Fed. Cl. 603, 604–09 (2007), ECF No. 245; Banks v. United States (Banks III), 102 Fed. Cl. 115 (2011), Dkt. No. 505.

Plaintiffs are thirty-seven owners of property along the eastern shore of Michigan, south of the St. Joseph Harbor. Liability Opinion, 78 Fed. Cl. 603, 604 (2007), ECF No. 245. Plaintiffs allege that the construction of jetties in the harbor in the 1950s, and their subsequent maintenance, by the United States Army Corp of Engineers (defendant or the Corps) caused erosion that resulted in a shoreline loss, for which plaintiffs seek damages.

When filed in July of 1999, ECF No. 1, plaintiffs' claims were assigned to Judge Hewitt. ECF No. 2. In 2001, on defendant's motion, Judge Hewitt dismissed the takings' claims – which were consolidated for purposes of evaluating liability – as time-barred. See Banks v. United States (Banks I), 49 Fed. Cl. 801 (2001), ECF No. 3.

On appeal, the United States Court of Appeals for the Federal Circuit reversed the dismissal decision and remanded the claims for further proceedings. See Banks v. United States (Banks II), 314 F.3d 1304, 1310 (Fed. Cir. 2003), ECF No. 6.

[1] The pending recusal motion is a corrected version, and does not include all plaintiffs in this consolidated action. See Order, Nov. 3, 2015, ECF No. 555 (granting the request self-represented plaintiff Eugene J. Frett made on behalf of himself and the trust for which he is trustee, Case No. 05-1353, to withdraw from the motion filed on October 30, 2015, ECF No. 552, striking that motion, and directing moving counsel to file a corrected version of the motion).

On remand, the court conducted a one-week trial on liability. The court found the government liable for a taking of plaintiffs' properties. See Liability Op., 78 Fed. Cl. 603. In April of 2011, the court conducted a trial on damages. After that trial, then-Chief Judge Hewitt notified the parties of her concerns regarding a jurisdictional issue and requested further briefing. See Banks v. United States, 99 Fed. Cl. 622 (2011), ECF No. 499. In Banks III, the court again dismissed plaintiffs' claims as untimely filed. Banks III, 102 Fed. Cl. at 119. Also, for purposes of judicial efficiency should the appellate court find the jurisdictional threshold had been met, the court made findings "in the alternative," on the damages issues. These "alternative merits findings" specifically addressed: (1) the shoreline composition of the plaintiffs' properties; (2) the parties' efforts to mitigate the erosion caused by the jetties; and (3) the plaintiffs' requested damages. Id. at 150-215.

The Federal Circuit considered the case a second time on appeal. In 2014, the circuit court again found plaintiffs' claims to be timely, reversed the dismissal decision in Banks III, and remanded the case. See Banks v. United States (Banks IV), 741 F.3d 1268 (2014), ECF No. 508. The circuit court stated that it lacked jurisdiction to review the "alternative merits discussion" contained in Banks III because a final determination of damages with respect to shoreline protection expenses had yet to be made. See id. at 1282 ("In the absence of anything appealable, this court lacks appellate jurisdiction. To be final and appealable, a decision must end the litigation on the merits, and the judge must clearly declare her intention in this respect." (internal citations, quotation marks, and alterations omitted)). The appeals court directed that on remand, the court was to "reconsider any merits rulings that were rendered at a time it mistakenly believed it lacked jurisdiction." Id. at 1283.

While the case was on appeal the second time, then-Chief Judge Hewitt retired from the court. Pursuant to Rule 40.1(c) of the Rules of the United States Court of Federal Claims (RCFC), the undersigned assigned the remanded case to herself. ECF No. 510. Neither party objected to the undersigned's assignment, and the parties began briefing a "Motion to Enforce the Mandate" as requested by plaintiffs.

On January 30, 2015, the undersigned denied plaintiffs' motion. See Banks v. United States, 120 Fed. Cl. 29 (2015), ECF No. 539. The undersigned stated: "Because the Federal Circuit carefully limited its appellate review to the jurisdictional issue of claim accrual in Banks IV, the scope of what is contemplated by the mandate is very narrow." The undersigned also stated that "further post-remand proceedings [would] be narrowly tailored to evaluating whether any of the alternative merits findings on damages were calculated based on any time-sensitive parameters that are inconsistent with the January 2000 claim accrual date." Id. at 40 (footnote omitted).

By order dated February 20, 2015, the undersigned solicited briefing from the parties regarding whether any of the alternative merits findings on damages, as set forth in Banks III, 120 Fed. Cl. at 150–215, were affected by the erroneous jurisdictional findings. See Order 3, Feb. 20, 2015, ECF No. 542 (directing the parties "to identify[,] in their respective briefs which, if any, of the 'alternative merits findings' are premised on the trial court's determination in Banks III that plaintiffs' claims accrued earlier than 1952, and not the later January 2000 claim accrual date affirmed by the Federal Circuit in Banks IV.").

In their filed briefing, see ECF No. 543–46, plaintiffs sought reconsideration of the undersigned's February 20, 2015 Order. See Pls.' Br., ECF No. 544. The undersigned denied the motion "because plaintiffs' request for reconsideration [was] firmly rooted in their dissatisfaction with the court's alternative merits findings, and because plaintiffs [had] not made the requisite showing for the relief they [sought]." See Banks v. United States, 2015 WL 4939954, at *4 (Fed. Cl. Aug. 18, 2015), ECF No. 548 (declining to again "consider[ ] plaintiffs' contention that the Federal Circuit's jurisdictional determination in Banks IV regarding claim accrual also decided the merits of plaintiffs' takings claims); id. at 3 (declining plaintiffs' attempt to introduce sand removal evidence). The undersigned ordered that "[o]n remand, the court 'is bound by the mandate, and by its own prior findings—to the extent such findings are not inconsistent with the mandate.'" Id. (quoting Banks, 120 Fed. Cl. at 40). Because "[n]either party ha[d] identified any findings that require[d] revisiting on remand because they were informed by the court's erroneous determination in Banks III that plaintiffs' claims accrued earlier than 1952," the court entered the liability and damages findings that comprised the alternative merits findings in Banks III, 120 Fed. Cl. at 150–215.

On September 16, 2015, plaintiffs filed with the Federal Circuit a petition for writ of mandamus, seeking, inter alia, the undersigned's recusal under 28 U.S.C. § 455(a) and (b)(3). On October 19, 2015, the circuit court denied plaintiffs' request, explaining that plaintiffs failed to prove that they had no alternative means of relief because plaintiffs had never asked the undersigned judge to recuse herself. In re Banks v. United States, No. 15-152, ECF No. 5 (Fed. Cir. Oct. 19, 2015). In turn, plaintiffs filed the instant motion.

The matter is now ripe for a ruling.

## II. Legal Standards

A judge must recuse herself "in any proceeding in which [the judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This objective test mandates recusal "when a reasonable person, knowing all the facts, would question the judge's impartiality." Allphin v. United States, 758 F.3d 1336, 1344 (Fed. Cir. 2014) (quoting Hewlett-Packard Co. v. Bausch & Lomb, Inc., 882 F.2d 1556, 1568 (Fed. Cir. 1989)).

Grounds for recusal include not only actual personal bias or prejudice, but also the appearance of partiality. See 28 U.S.C. § 455(b). A judge is presumed to be impartial, and the movant bears a "heavy burden" of proving otherwise. See Baldwin Hardware Corp. v. FrankSu Enter. Corp., 78 F.3d 550, 557 (Fed. Cir. 1996).

Plaintiffs invoke sections 455(a) and 455(b)(3) of Title 28 of the United States Code as authority for their request for recusal. Section 455(a) provides that "[a]ny justice, judge, or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

Section 455(b)(3) further provides that any justice, judge, or magistrate shall "disqualify himself in the following circumstances: . . . [w]here he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceedings or expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. § 455(b)(3).

## III. Discussion

As support for the recusal motion, plaintiffs point to the court's August 18, 2015 ruling (August 2015 Ruling) adopting and entering the liability and damage findings made in the alternative in Banks III. Pls.' Mot. 1. The findings have been challenged repeatedly and strenuously by plaintiffs. In further support of their recusal motion, plaintiffs point to the undersigned's service as a law clerk for Judge Hewitt between 1998 and 2005. Id. Plaintiffs assert that this past relationship provides cause to reasonably question the undersigned's impartiality.

For the reasons explained below, the court denies plaintiffs' motion.

### A. Adverse Rulings Are Not Grounds for Recusal

Plaintiffs seek the undersigned's recusal, in significant part, due to their dissatisfaction with the court's August 2015 Ruling adopting the alternative merits findings set forth in Banks III. See Pls.' Mot. 1 (requesting recusal based on the undersigned's "adoption of Chief Judge Hewitt's Opinion that 'defendant is not liable for the amount of sediment removed from the littoral zone'"). As adopted, the alternative merits findings do not credit plaintiffs' view of defendant's liability for the sediment removed from the littoral zone; rather, the adopted alternative merits findings reflect the trial court's determination that "plaintiffs' properties are encumbered by the government's navigational servitude, [and thus,] no just compensation must be paid for erosion below and within the ordinary high water mark when the government acts to improve navigation." Banks III, 120 Fed. Cl. at 189 (citing Banks Liability Op., 78 Fed. Cl. at 655-57). Plaintiffs argue that as adopted, the alternative merits findings constitute

an adverse ruling that will result "in material and identifiable harm to Plaintiffs' case." Pls.' Mot. 1.

Plaintiffs cite to Baldwin, a patent infringement case, for support of their position that the adopted alternative merits findings constitute an adverse ruling that materially harms them. At the close of trial in Baldwin, the judge barred permanently the defendants' attorney from appearing before him pro hac vice in any future proceeding, sanctioned the law firm of defendant's attorney, and awarded attorney fees to plaintiff. Id. at 555. Defendants appealed the decision on the ground that the trial judge failed to recuse himself as was required by 28 U.S.C. § 455(a) and (b)(1) "because his comments and conduct during the litigation would have led a reasonable person to believe he harbored anti-Asian and anti-semitic sentiments, and therefore to doubt his impartiality." Id. Defendants added that a financial conflict of interest also required the judge to recuse himself, pursuant to 28 U.S.C. § 455(f). Id.

Plaintiffs' reliance on Baldwin in this case is misplaced because it does not speak to the circumstances here. Plaintiffs point to no conduct or language by the court that evinces favoritism – or antagonism – toward a particular party. Instead, plaintiffs' reassert their dissatisfaction with the alternative merits findings in Banks III and again express their frustration that the undersigned has declined either to conduct a retrial on damages to hear only plaintiffs' evidence or to set aside – in the manner of an appellate court – the alternative merits findings that plaintiffs deem to be harmful to their claims. Pls.' Mot. 1.

The Supreme Court has made clear that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and such rulings "can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . where no extrajudicial source is involved." Liteky v. United States, 510 U.S. 540, 555 (1994). As will be discussed further in section III B. infra, plaintiffs do not point to any extrajudicial source of favoritism or antagonism.

Plaintiffs' disagreement with the undersigned's adoption of the alternative merits findings is a ground for appeal, but – without more – is not a ground for recusal.

B. The Undersigned's Judicial Clerkship Is Not a Ground for Recusal Under 28 U.S.C § 455

Plaintiffs' also seek the undersigned's recusal "based, inter alia, on Chief Judge Campbell-Smith's [clerkship with] Judge Hewitt from 1998 to 2005 during the pendency of the . . . case," and "plaintiffs respectfully request [that the undersigned] recuse herself from all further proceedings." Pls.' Mot. 1. In support of their request, plaintiffs cite 28 U.S.C. § 455(b)(3), which requires a judge to disqualify herself if she "has served in governmental employment and in such capacity participated as counsel, adviser or

material witness concerning the proceedings or expressed an opinion concerning the merits of the particular case in controversy." Id.

Case law interpreting this statute has focused chiefly on circumstances in which a judge previously worked for a federal agency involved in the litigation from which a party seeks the judge's recusal. In Cherokee Nation of Oklahoma v. United States, 26 Cl. Ct. 215 (Cl. Ct. 1992), the presiding judge, who previously had been employed with the Office of the Solicitor of the United States Department of the Interior and had a limited supervisory role over the Assistant Secretary for Indian Affairs, declined to recuse himself in a suit brought on behalf of members of an Indian tribe. Id. at 1. Because the judge terminated his relationship with the agency years before the inception of litigation at issue, and because there was no evidence of bias, the court ruled that recusal was not necessary. Id. at 222-23. But see Mixon v. United States, 620 F.2d 486 (5th Cir. 1980) (requiring the recusal of a magistrate judge because the magistrate had opposed a motion to reduce defendant's criminal sentence during the magistrate's prior service as an Assistant United States Attorney).

The issue of whether prior employment as a law clerk to a judge can trigger recusal under 28 U.S.C. § 455(b)(3) is one of first impression for this court. The issue has been considered previously, however, in the case of Ross v. United States, 2012 U.S. Dist. LEXIS 4328 (M.D. Ga. 2012). In that case, petitioner argued that the assigned magistrate judge should have recused himself because, inter alia, he had served as the trial judge's law clerk during petitioner's trial. Id. at 1. The court rejected petitioner's argument, holding that "although [the magistrate judge] had worked as a law clerk for this Court, he did not serve in 'governmental employment' as contemplated by the statut[ory provision of 28 U.S.C. § 455(b)(3)]." Id. at 4. The court noted that Section 455(b)(3) "was intended to cover situations where the judge previously served as an attorney for the government, and worked on a particular case in an adversarial role," and the court cited several cases for the same proposition. Id.

Of particular import to the court in Ross was the phrase "adversarial role." The court observed that as a former law clerk, the magistrate judge's interests would have been consistent with the court's impartial role in the proceedings. Because the role of a judge presiding over a case is not "adversarial" in proceedings, it is axiomatic that a law clerk to a judge does not take an adversarial role. See Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988) (holding that a law clerk is forbidden from doing what a judge is prohibited from doing).

The circumstance in Ross bears similarity to the circumstance here. The undersigned served as a law clerk to Judge Hewitt for a period of time after the filing of the case but not during either the liability trial or the damages trial. And, for the sake of argument, even if the undersigned's service as a judicial law clerk were deemed to be the type of "governmental employment" contemplated by the statute, such service is not

violative of 28 U.S.C. § 455(b)(3) because – notwithstanding plaintiffs' contention otherwise – a law clerk does not "counsel" a judge. See Pls.' Mot. 1 (alleging that the undersigned "participat[ed] as counsel concerning this proceeding."). Neither does a law clerk serve as an "adviser [n]or [a] material witness concerning the proceedings," as prescribed by 28 U.S.C. § 455(b)(3). "Law clerks have no statutorily defined duties; they . . . assist the judge in fulfilling his or her judicial responsibilities." Law Clerk Handbook: A Handbook for Law Clerks to Federal Judges 1 (Sylvan A. Sobel ed., Federal Judicial Center 2007). Although law clerks may assist a judge with legal research and writing, "[t]he ultimate responsibility for fulfilling the duties of the judge's office is the judge's." Id. at 10.

Moreover, to the extent that plaintiffs rely upon the "catchall" provision in 28 U.S.C. § 455(a), plaintiffs' reliance is misplaced. It is well-settled that to argue successfully for recusal, a party must point to an extrajudicial source of bias such as information obtained, or a predisposition developed, outside of the judicial process. Litkey, 510 U.S. at 553-54. Here, plaintiffs do not cite to, or even allege, an extrajudicial source from which bias or lack of impartiality could be imputed.

Under the framework established by the Supreme Court in Liteky, if a movant cannot point to an extrajudicial source of bias, the movant can rely, "in the rarest of circumstances," upon judicial rulings alone if the rulings display "a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. at 555. However, as the Supreme Court noted, bias or lack of impartiality is not established by "expressions of impatience, dissatisfaction, annoyance, and even anger . . . . A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune." Id. at 555-56. Here, plaintiffs fail to allege the existence of any conduct or language by the undersigned that shows a "deep-seated favoritism of antagonism that would make fair judgment impossible." Rather, because the damages determination in the alternative merits findings is less favorable to plaintiffs than they desire, plaintiffs challenge the adoption of the findings and seek to obtain a different outcome based on reasserted arguments and resubmitted evidence. Plaintiffs' request for recusal under 28 U.S.C. § 455(a) and § 455(b)(3) misses the mark.

## IV. Conclusion

For the foregoing reasons, plaintiffs' motion for recusal is **DENIED**.

IT IS SO ORDERED.

s/ Patricia Campbell-Smith
PATRICIA CAMPBELL-SMITH
Chief Judge