# In the United States Court of Federal Claims

| | |
|---|---|
| JOHN H. BANKS, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>THE UNITED STATES,<br><br>　　　　　　Defendant. | Filed: July 10, 2020<br><br>Nos. 99-4451 L, 99-4452 L, 99-4453 L, 99-4454 L, 99-4455 L, 99-4456 L, 99-4457 L, 99-4458 L, 99-4459 L, 99-44510 L, 99-44511 L, 00-365 L, 00-379 L, 00-380 L, 00-381 L, 00-382 L, 00-383 L, 00-384 L, 00-385 L, 00-386 L, 00-387 L, 00-388 L, 00-389 L, 00-390 L, 00-391 L, 00-392 L, 00-393 L, 00-394 L, 00-395 L, 00-396 L, 00-398 L, 00-399 L, 00-400 L, 00-401 L, 05-1381 L, and 06-72 L |

ORDER

On June 15, 2020, twenty-two (22) plaintiffs in this consolidated action (the Moving Plaintiffs) moved to substitute their designated attorney of record pursuant to Rule 83.1(c)(4). *See* Motion for Leave to Substitute Attorney of Record (Motion to Substitute) (ECF No. 623). For the reasons set forth below, this Court **GRANTS** Moving Plaintiffs' motion, substituting Mr. Mark Christensen as their attorney of record and designating Mr. John Ehret as "of counsel" for such plaintiffs. *See* Rule 83.1(c)(1), (c)(4).[1]

BACKGROUND

This consolidated action consists of thirty-seven (37) plaintiffs who are generally represented by three attorneys and their respective firms: John Ehret, Mark Christensen, and

---

[1] As noted *infra*, Mr. Eugene Frett also continues to represent the Moving Plaintiffs in an "of counsel" capacity.

Eugene Frett. Specifically, Mr. Ehret solely represents fourteen (14) plaintiffs (the Ehret Plaintiffs).[2] *See* Order Granting Motion to Withdraw (ECF No. 621) at 1. Messrs. Ehret, Christensen, and Frett jointly represent the twenty-two (22) Moving Plaintiffs,[3] with Mr. Ehret serving as the Court's attorney of record, and Messrs. Christensen and Frett serving in an "of counsel" capacity. *See* Rule 83.1(c)(1). Mr. Frett, who is not a Moving Plaintiff, also continues

---

[2] This group includes:
 1. Eleanor Bono
 2. Richard and Lynn Carter
 3. Thomas Concklin
 4. Marilyn Cunat
 5. Ehret Trust c/o Ted Ehret
 6. George Gregule c/o Marilyn Cunat
 7. Hyun Jyung Trust,
 8. Frank Lahr and Charlotte Lahr c/o Nick Lahr
 9. Robert and Maria Melcher
 10. Robert and Patricia Kane
 11. Richard Neuser,
 12. Notre Dame Path Association
 13. Herzl and Karen Ragis
 14. Kay Varga (Smith)

[3] This group includes:
 1. Michael R. Anderson and Janice Anderson
 2. Andrew C. Bodnar and Christine M. Zahl-Bodnar
 3. John and Mary Banks
 4. Gregory R. Bovee and Candace C. Bovee
 5. Frank J. Bunker (deceased) c/o Joan Bunker
 6. Dorothy A. Renner
 7. Donald R. Chapman and Gail Chapman
 8. Mark and Mary Del Mariani
 9. Victoria Jackson (deceased) c/o Harris Jackson
 10. Richard Marzke and Nancy A. Marzke
 11. Thelma McKay (deceased) c/o Mary Irwin McKay
 12. Carolyn K. Morvis
 13. Donald D. Miller and Judith E. Miller
 14. Country LLC c/o Carol Friedman-Scallon
 15. Craig D. Okonski and Cherie R. Okonski
 16. Robert E. Pancoast and Pamela S. Pancoast
 17. Elizabeth S. Errant Trust c/o Elizabeth Saphir (aka Elizabeth Errant)
 18. Greenbriar Development
 19. Leonard J. Smith
 20. Kent and Margaret Werger
 21. Marcia A. Wineberg
 22. Roger B. Wilschke and Ann C. Wilschke

to solely represent himself, individually and as Trustee of the Victor J. Horvath and Frances B. Horvath Trust as attorney of record.  *See* Frett Response to Motion to Terminate ADR (Frett Response) (ECF No. 629) at 1; Reply in Support of Motion to Substitute (Moving Pl. Reply) (ECF No. 631) at 2 n.2.  As noted, the Moving Plaintiffs seek to substitute Mr. Christensen as their lead attorney of record in this consolidated action, keeping Messrs. Ehret and Frett as representing them in an "of counsel" capacity.

The case is currently stayed until September 15, 2020, to allow any plaintiff who wishes to participate in ADR before a designated Senior Judge of this Court to do so.  *See* Order Granting in Part Plaintiffs' Motion to Terminate ADR (ECF No. 630) (setting ADR stay deadline and requiring any plaintiff remaining in the case at that time to file a joint proposed schedule, including potential trial dates).  The differing counsel have clarified that the Moving Plaintiffs wish to continue ADR efforts in advance of the lift of the stay in this action, with Mr. Christensen taking the lead representation in ADR, while the Ehret Plaintiffs wish to move forward to a damages trial in this case, with Mr. Ehret solely representing them before the Court.  *See* Motion to Terminate ADR (ECF No. 622) at 3; Response to Motion to Terminate ADR (ECF No. 624) at 2.

In support of the Moving Plaintiffs' Motion to Substitute, they submitted a sworn statement by Mr. Christensen, attesting that he is a member of the United States Court of Federal Claims Bar and has been appointed attorney of record by the Moving Plaintiffs in this consolidated action.  *See* Motion to Substitute, Ex. A (Christensen Affidavit) (ECF No. 623-1) at ¶¶ 2-3.  Mr. Frett does not oppose the Motion to Substitute.  *See* Frett Response at 2.

On June 29, 2020, Mr. Ehret filed an Opposition to the Moving Plaintiffs' motion.  *See* Ehret Response to Motion to Substitute (Ehret Response) (ECF No. 627) at 3.  In his Opposition, Mr. Ehret raised several issues related to the representation of Moving Plaintiffs, including

3

allegations of efforts by co-counsel to remove him from the representation, due in part to differences over ADR strategy.  *See* Ehret Response at 6-9.[4]  To that end, while the Motion to Substitute initially was silent concerning Mr. Ehret's continued representation of Moving Plaintiffs in any capacity, on July, 6, 2020, the Moving Plaintiffs filed a Reply clarifying that the "Motion to Substitute does not impact Mr. Ehret's ability to continue as of counsel for the [Moving] Plaintiffs under Rule 83.1(c)(1); it only seeks substitution of the attorney of record for the [Moving] Plaintiffs, to provide clarity and avoid further disruptions during the final stages of ADR."  *See* Moving Pl. Reply at 3 (internal quotations omitted).

## DISCUSSION

In the United States Court of Federal Claims, a party may only designate one counsel as his or her "attorney of record" who communicates with the Court on the party's behalf.  *See* Rule 83.1(c)(1); *Doyle v. United States*, 15 Cl. Ct. 150, 151 (1988) ("Under our rules . . . the attorney of record . . . is the one individual the court looks to regarding the litigation as far as plaintiff is concerned." (internal quotations and citations omitted)).  "Any attorney assisting the attorney of record must be designated 'of counsel.'"  Rule 83.1(c)(1).  Rule 83.1(c)(4)(A)(i) permits a plaintiff to "seek leave of the court to substitute its attorney of record at any time by filing a motion signed by the party or by the newly designated attorney along with an affidavit of appointment by such attorney."  If, as is the case here, the motion is filed without the consent of the previous attorney, the previous attorney must be served with the motion and must timely show cause why the motion should not be allowed.  Rule 83.1(c)(4)(A)(i)(II).  The requirements of Rule 83.1(c) have been met

---

[4] To support these allegations, Mr. Ehret included information in his Response which may be protected in part by attorney client and/or work-product privilege.  The Court subsequently sealed Response.  *See* Order Granting in Part Motion to Strike and/or Seal (ECF No. 630).  While the Court has reviewed the allegations in and attachments to the Ehret Opposition, this Order does not make a detailed recitation of the sealed information, which is currently protected from public disclosure.

here.  The Moving Plaintiffs have submitted a sworn statement from Mr. Christensen averring that he was appointed by the Moving Plaintiffs as their attorney of record.  *See* Christensen Affidavit at ¶ 3.  As noted, Mr. Ehret opposed the motion, citing alleged improprieties on the part of Messrs. Christensen and Frett.  *See* Ehret Response at 6.  The alleged improprieties, however, reflect strategic differences among counsel.  Among other issues, Mr. Ehret takes issue with Mr. Christensen's push to continue the ADR process using particular valuation figures, which Mr. Ehret contends are "far below what each Plaintiff is entitled to in order to restore each Plaintiff to as good a position pecuniarily as if their properties had not been taken."  *See* Ehret Response at 10.  However, ADR does not involve an adjudication; it is a negotiation.  Additionally, the undersigned judge is not bound by arguments advanced in ADR by any party, to the extent she is even aware of such arguments.

  Here, the Moving Plaintiffs have made a sufficient showing that they have chosen Mr. Christensen to act as their lead counsel, including during ADR.  No other counsel or party has submitted an affidavit to the contrary to evince that the Christensen Affidavit is incorrect or to otherwise aver that the Moving Plaintiffs seek an attorney other than Mr. Christensen to represent them as their attorney of record.

  As this Court's June 30, 2020 Order states, it is ultimately each plaintiff's decision whether to continue with ADR until September 15, 2020.  *See* Order Granting in Part Motion to Strike and/or Seal at 2; *see also* American Bar Association, Model Rules of Professional Conduct, Rule 1.2(a) (9th Ed. 2019) ("A lawyer shall abide by a client's decision whether to settle a matter.").  And, it is up to each plaintiff to inform the Court of its lead counsel of choice.  *See* Rule 83.1(c).  That choice will generally not be disturbed by the Court.  *See Doyle*, 15 Cl. Ct. at 151 ("Litigants have the right to choose their own trial counsel [and] . . . the right of a party to select the counsel

of its choice is a matter of significant importance which should not be disturbed unless an identifiable impropriety has occurred.").

A careful review of the Ehret Response and attachments thereto do not evince "an identifiable impropriety" that would justify judicial intervention into Moving Plaintiffs' choice of counsel. Rather, as noted, the Ehret Response and accompanying exhibits reflect a marked, strategic disagreement among counsel. The record further demonstrates that the Moving Plaintiffs have been made aware of each attorney's position on the pros and cons of ADR. *See* Ehret Response at Exs. 1 & 2 (ECF Nos. 627-1 & 627-2). In sum, there are no grounds for this Court to second-guess such plaintiffs' designation of their lead "attorney of record." *See* Rule 83.1(c); *Doyle*, 15 Ct. Cl. at 151. Further, Mr. Ehret will continue to serve in an "of counsel" capacity for the Moving Plaintiffs, ameliorating potential fee dispute issues or prejudice that Mr. Ehret contends may occur. *See* Ehret Response at 6-9; Moving Pl. Reply at 3.

Accordingly, this Court **GRANTS** the Moving Plaintiffs' Motion to Substitute Mr. Christensen as their attorney of record with the Court. *See* ECF No. 623.[5] Messrs. Ehret and Frett will continue to represent Moving Plaintiffs in this action as "of counsel." The Clerk of Court is directed to adjust the docket in accordance with this Order.

IT IS SO ORDERED.

    s/ Eleni M. Roumel
ELENI M. ROUMEL
Judge

---

[5] Underlying cases to this consolidated action that are subject to this Order include: 99-4451, 99-4454, 99-4459, 99-4510, 99-44511, 00-365, 00-380, 00-381, 00-382, 00-383, 00-385, 00-386, 00-388, 00-389, 00-390, 00-392, 00-393, 00-395, 00-396, 00-399, 05-1381, 06-072. Separately, as set forth in this Court's May 21, 2020 Order, Mr. Ehret solely represents plaintiffs in the following underlying actions: 99-4452, 99-4453, 99-4455, 99-4456, 99-4457, 99-4458, 00-379, 00-384, 00-387, 00-391, 00-394, 00-398, 00-400, 00-401. Finally, Mr. Frett represents himself in case number 05-1353, and no other counsel should be listed on the docket for that action.